## JOHN SMITH v. STATE.

No. A-4488.    Opinion Filed Sept. 2, 1924.
(228 Pac. 523.)

(Syllabus.)

1. **Evidence—Corroboration Necessary If Evidence Raises Reasonable Doubt as to Whether Witness Accomplice.** It is error to instruct the jury that, if they find from the evidence, beyond a reasonable doubt, that a certain witness is an accomplice of the defendant, it is necessary for the state to corroborate such witness' testimony. In this jurisdiction the rule is that, if the evidence raises a reasonable doubt of whether or not the witness is an accomplice of the defendant, it is necessary for the state to corroborate such witness' testimony.

2. **Appeal and Error—Prejudicial Error—Instruction Authorizing Conviction for Sale of Liquor to Three Persons, or Any of Them.** The information charged a sale of intoxicating liquors by the defendant, jointly, to T. C., C. S., and O. W. The evidence was conflicting as to whether the defendant sold the liquor to T. C. individually, or to T. C. and C. S., or whether he made a sale to anybody. The trial court instructed the jury that a conviction could result, should the jury find that the defendant sold the liquor to the parties named, collectively, or to either of them. Under the facts, if the sale was made to any person other than T. C., then T. C. became an accomplice of the defendant, and it was necessary for the state to corroborate T. C.'s testimony in the manner provided by the statute, on corroboration of an accomplice. The jury returned a general verdict of guilty. Held, inasmuch as the court cannot determine from the charge, the instructions, and the verdict whether or not the jury found the defendant guilty of a sale to T. C. alone, or of a sale to all parties collectively, or of a sale to C. S. alone, or of a sale to O. W. alone, the instruction above referred to, together with that given by the court on the necessity of the corroboration of an accomplice, is prejudicial error.

Appeal from County Court, Jackson County; J. M. Williams, Judge.

John Smith was convicted of the unlawful sale of whisky and sentenced to pay a fine of $50 and to serve one month in the county jail, and he appeals. Reversed and remanded.

E. E. Gore, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

MATSON, P. J. The plaintiff in error, John Smith, hereinafter referred to as defendant, was convicted on the 7th day of July, 1922, of having sold on the 16th day of December, 1921, certain intoxicating liquor, to wit, whisky. The information alleged the sale to have been made to Ted Carroll, Cecil Stovall, and Orb Woods. The jury returned the following verdict:

"We, the jury impaneled and sworn to try the issues in the above-entitled cause, do, upon our oath, find the defendant guilty and leave the assessment of his punishment to the court."

The court rendered judgment on the verdict and assessed the punishment as above stated. Among the instructions given are the following:

"(2) In a criminal case the defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and if, upon a consideration of all the evidence, you still have a reasonable doubt as to the defendant's guilt you must acquit him. This reasonable doubt pertains to every material issue raised in the case. Now, if you should find from the evidence beyond a reasonable doubt that the defendant, John Smith, did, on or about the 16th day of December, 1921, or within any time within one year prior to the filing of this information, sell intoxicating liquor, to wit, whisky to Ted Carroll, Cecil Stovall, and Orb Woods, or to either of them, then you should find the defendant guilty and so state by your verdict.

"(3) You are further instructed that if you should find from evidence beyond a reasonable doubt that Ted Carroll was engaged with the defendant in the purchase and sale of the liquor in question he would be what is known as an accomplice, as to the sale to Stovall and Woods, but not as to Carroll. Now, an accomplice is one who is in any way

concerned or engaged with another in the commission of a crime. You are instructed that a defendant cannot be convicted on the uncorroborated testimony of an accomplice. Now, if you should find from the evidence beyond a reasonable doubt that said Ted Carroll was engaged with the defendant, Smith, in the sale of whisky, then you could not find the defendant guilty as to the sale to Stovall or Woods on the uncorroborated testimony of Carroll, but that in order to convict the defendant, as to the sale to Stovall and Woods, the evidence of Carroll would have to be corroborated by other testimony, which, together with all the other evidence, must satisfy you of the guilt of the defendant. Such corroborating evidence need not be direct, but it should be such as would connect, or tend to connect, the defendant with the commission of the offense, and this corroborating evidence is not sufficient if it merely shows the commission of the offense. But, if there is other evidence of other witnesses who testified to facts substantially to the same effect as the witness Carroll, if you should find that they did so testify, then you must consider said evidence as corroborative of the witness, Carroll.''

To the giving of each of the foregoing instructions the defendant objected, and was allowed his exceptions.

Ted Carroll, the prosecuting witness, testified substantially that he, Orb Woods, and Cecil Stovall made up a sum of money, and that he took this money and went with the defendant, John Smith, to a mail box, not far distant from a residence where there was then being held a country party and dance, in Jackson county, Okla., on or about the 16th day of December, 1921, and that the defendant, John Smith, ran his hand into the mail box and got a jar of whisky and handed it to him (Carroll) and that he (Carroll) paid John Smith the sum of $2.50 for the same; that Cecil Stovall was present at the time.

The defendant testified that Carroll, the prosecuting witness, spoke to him in the yard where the dance was being

held, and said, "Come on, John, let's go and see that party," and that Carroll then took the defendant to the mail box and got the whisky and gave the defendant a drink of it; that the defendant never sold Carroll any whisky in the presence of Stovall or of anybody else; that the defendant never made any sale to Carroll, Stovall, and Woods jointly. Stovall was not present at the trial.

We deem it unnecessary to consider all the assignments of error. The information charged a sale jointly to Carroll, Stovall, and Woods. There is no evidence to support a sale by the defendant jointly to these three parties. There is evidence, however, to support a conviction for a sale made to Carroll alone. The allegations of the information are perhaps sufficient to support a conviction, had it been for a sale to Carroll alone, but such is not this case. The trial court did not limit the jury to a consideration of the evidence supporting a conviction of the defendant as to a sale to Carroll alone, as in the instructions given the court told the jury that they might convict the defendant if they believed, beyond a reasonable doubt, he sold whisky to Carroll, Stovall, and Woods, or to either of them. Further, the court in legal effect told the jury that before an acquittal should result as to a sale by the defendant jointly to Carroll, Stovall, and Woods they must believe, beyond a reasonable doubt, that Carroll was an accomplice of the defendant in making such sale, in that he aided and abetted therein; that in such event it was necessary for the state to corroborate the testimony of the accomplice.

In this jurisdiction, proof beyond a reasonable doubt that one is an accomplice of the defendant is not required. If the evidence raises a reasonable doubt as to whether or not the witness is an accomplice of the defendant, it is necessary for the state to corroborate such witness' testimony.

The jury returned a general verdict of guilty, so that it is impossible for this court to say whether the jury, under the instructions given, found the defendant guilty of a sale to Carroll individually, to Stovall individually, or to Woods individually, or whether the jury found the defendant guilty of a sale jointly to these three parties. If the jury had found the defendant guilty of a sale to Carroll alone, the error complained of in instruction No. 3 would have been cured by the verdict. Inasmuch as the jury did not return such a verdict, and inasmuch as this court cannot determine whether the jury found the defendant guilty of a sale to Carroll, or of a sale to all three of these defendants, in which event, under the evidence, Carroll would have been an accomplice. The error herein pointed out in the giving of instruction No. 3 cannot be said to be harmless.

For such reason the judgment is reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

BESSEY and DOYLE, JJ., concur.