**Bobby WOOD, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12732.**

Court of Criminal Appeals of Oklahoma.

June 24, 1959.

M. E. Becker, Guymon, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Bobby Wood, hereinafter referred to as the defendant, was charged by information

in the District Court of Cimarron County with the crime of burglary, 2nd degree, was tried before a jury, found guilty and his punishment fixed at six (6) years in the state penitentiary.

■ The defendant lodged his appeal in this court within the prescribed time, contending that he was convicted solely upon the uncorroborated testimony of three persons, all of whom were concerned in the crime, and said conviction was contrary to the inflexible rule of law that a conviction cannot be had upon the testimony of an accomplice unless there be corroboration by such other evidence as tends to connect the defendant with the commission of the offense.

It is to be observed from the testimony that the defendant, along with the three prosecuting witnesses, Bonita Selcher, Bill Hamilton, and Earl Moore, were riding around in an automobile being driven by witness Selcher and a discussion was had relative to burglarizing a house owned by Jack and Alice Hout. The four then went to the Shamrock cafe where additional discussion was had relative to the burglary. According to witness Hamilton and witness Selcher, witness Moore at the time of the conversation stated that he "didn't want anything to do with it."

The four then left the cafe and proceeded to the vicinity of the Hout residence. They parked "around to the east, around to the back of the house." Defendant and Hamilton got out of the car and defendant remained outside of the door while Hamilton pulled the screen door loose, entered the premises and returned with certain checks and papers, a pair of binoculars and a sun visor. They then returned to the car where witnesses Selcher and Moore were waiting.

After they had driven into the country defendant suggested they get rid of the papers and they were thrown out beside the road. Hamilton testified that he threw part of it away and Earl Moore threw away the rest of it. Earl Moore said that he did not remember throwing any of the contraband away. Upon being asked, "Would you say if a witness testified here in this court that you were one of the parties who threw these items out of the car, would you say that is true or false? You know whether you did or not?" "No, I don't. I don't remember whether I did or not." "You don't know?" "No, I don't."

After the burglary was consummated and the papers thrown away, the parties separated and remained silent for about two weeks at which time Bonita Selcher told Mrs. Hout the story and the police were notified and all parties apprehended. Charges were filed against the defendant, Hamilton, and Selcher. Witness Moore was taken to the sheriff's office, released that night, returned the following day and his testimony taken and again released. Hamilton entered a plea of guilty, but had not been sentenced at time of trial. Selcher stood charged but had not been tried at the time her testimony against the defendant was given. Defendant did not take the stand and there was no testimony except that of witnesses Selcher, Hamilton, and Moore that tended to connect defendant with the commission of the act. When the state rested, defendant demurred to the evidence of the state as wholly insufficient to sustain the charge contained in the information and for further reason that witnesses Selcher, Hamilton, and Moore were accomplices and their testimonies were uncorroborated.

The defendant advances nine assignments of error discussed under two propositions confined to the question of law involving accomplices. The law of this case can be decided upon defendant's contention under proposition number 1:

"That there is no testimony or competent evidence to corroborate the testimony of Bonita Selcher, William Hamilton and Earl Moore, accomplices under their own testimony and the testimony of each other, which tends to connect the plaintiff in error, Bobby Wood, with the commission of the crime charged."

Defendant bases his assertion upon Tit. 22 O.S.1951 § 742 where the law applicable is recited in the following language:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

This case hinges upon whether or not witness Earl Moore was an accomplice. Do his actions as reflected by the testimony reveal such participation as to implicate him in the commission of the offense? If he be an accomplice corroboration was wholly lacking as the only other witnesses tending to connect defendant with the commission of the alleged crime were self proclaimed accomplices as well as being so designated by the court in his instructions to the jury.

This court has carefully reviewed the testimony and is of the opinion that the witness Earl Moore was an accomplice. Heretofore recited is the substance of the testimony that conclusively shows that witness Moore sat in the conference when the crime was planned and even though it was testified that he declared he did not want anything to do with it, he did not abandon the strategy meeting after the plans were made. He proceeded after dark with the other persons involved to the rear of the house to be burglarized. He and witness Selcher remained in the car, while the other two went to perform the act. He waited with the driver until they had completed the act and returned, then drove into the country where he helped dispose of part of the loot. This he did not deny. He remained completely silent until he was taken into custody some two weeks later. If the witness was sincere about his desire to not participate he could easily have left the company, or did he change his mind? If this court should declare that witness Moore was not an accomplice it would in substance say that he was not because he had said to his associates "that he did not

want to participate." This would open an avenue of defense in every crime where more than two were involved. Could it be said that the law would sanction a rule that would permit a person to accompany bank robbers or those who commit burglary by saying he just went "along for the ride."

■ It is to be noted that all of the persons involved were charged with the commission of the offense except witness Moore, yet witness Selcher waited in the car with witness Moore and the evidence shows no greater participation in the crime than that exhibited by Moore and she was charged. It is difficult to determine from the record why she was charged and Moore released. The test by which to determine whether a witness is an accomplice is to ascertain whether he could be indicted for the offense for which the accused is being tried. See Mayes v. State, 11 Okl.Cr. 61, 142 P. 1049; Motsenbocker v. State, 29 Okl.Cr. 305, 233 P. 487.

■ The attorney general does not agree that witness Moore was an accomplice but cites no authority to support his contention. He relies on one case only, Lasley v. State, 46 Okl.Cr. 179, 287 P. 1055, wherein it is said:

"In a prosecution for larceny a person who was not present and did not participate in the taking or asportation of the property stolen nor aid and abet therein but who subsequent thereto with guilty knowledge that it was stolen property, aided in the disposition and concealment of same by transporting it into another county is not an accomplice of the thief."

However, it is to be observed that the case is by no means in point and has no application here. In that case the witness was not present at the crime and did not assist in the asportation, but after the contraband had been taken and delivered to the home of a friend, it was again moved to another county. The witness helped move the contraband from the friend's house to another location but played no part in its

original taking. In the instant case witness was present at the crime and helped dispose of the loot. Regardless of the conflict in opinion the actions of witness Moore were sufficient to raise a serious doubt. This court said in Smith v. State, 27 Okl. Cr. 414, 228 P. 523, 524:

> "In this jurisdiction, proof beyond a reasonable doubt that one is an accomplice of the defendant is not required. If the evidence raises a reasonable doubt as to whether or not the witness is an accomplice of the defendant, it is necessary for the state to corroborate such witness' testimony."

The court holds that under the evidence Moore would have been an accomplice.

For such reason the judgment and sentence of the trial court is reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

POWELL, P. J., and BRETT, J., concur.