**Sammy Floyd BENEFIELD, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15468.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Rehearing Denied Feb. 15, 1971.

James M. Springer, Jr., Stillwater, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack S. Pratt, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Sammy Floyd Benefield, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Payne County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was set at ten years imprisonment, and from the judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on March 24, 1969, Bakers Clinic in Stillwater was burglarized. Marvin Klimkoski, an accomplice, testified that he and the defendant, in the defendant's pickup, drove to the vicinity of the clinic and parked on a side street just off Husband Street. He described the route through a field and across a creek which they followed to the clinic. The defendant jimmied the back door and they both entered the building. He testified they remained in the building approximately one hour, searching for Amino-phylline Sulphate. They left the clinic at approximately 9:00 p. m. and remained together until midnight.

Detective Prickett testified that he made an investigation of the burglary the following morning. He followed two sets of footprints whose route corresponded to the route described by witness Klimkoski. He made plaster casts of two footprints. He subsequently arrested the defendant and made a comparison between the boots the defendant was wearing and the plaster casts. He testified that the boots were an exact fit of the casts (T 48). After being advised of his constitutional rights, the defendant made conflicting statements as to his activities on the evening in question.

Dr. Baker testified that he discovered his clinic had been broken into the following morning. He described the premises wherein every door and drawer had been opened. He did not give anyone permission to enter the clinic.

Ruth Ward testified that she lived on Dell Drive which is located just east of Husband Street. She observed a pickup truck parked in front of her house at 8:45 p. m. and had her son copy down the tag number which was given to the police department. Detective Prickett had previously identified the tag number as being registered to the defendant's pickup.

The defendant testified that he and Klimkoski had been friends for seventeen years. Klimkoski had been living at his trailer until the latter part of February when he was requested to leave because of illicit activities with his daughter. He loaned his pickup to Klimkoski around 7:00 p. m. and spent the next hour and a half in the pool hall. He admitted making conflicting stories to the police and testified that Bill Armstrong made the statement that they knew he was not telling the truth because Armstrong had seen him in the pool hall. He denied being present and breaking into the clinic. He admitted several prior convictions.

Jessie Benefield, the defendant's wife, testified that the defendant returned to their trailer at 9:00 p. m. that evening and did not leave until the following morning. She testified she overheard the conversa-

tion wherein Armstrong told the defendant that he had seen him at the pool hall.

Deborah Benefield, age thirteen, testified that Klimkoski had molested her.

Bill Armstrong testified, in rebuttal, and denied making the statement about seeing the defendant in the pool hall. He did not see the defendant at any time on the evening in question.

Shirley Payne testified that the defendant came to her house some time between 7:30 p. m. and midnight on March 24th.

■ The defendant's first proposition alleges that the prosecuting attorney committed reversible error in cross-examining the defendant as to former convictions and by making improper remarks as to the former convictions in his closing argument. This Court has repeatedly held that a defendant may be questioned as to prior convictions for the sole purpose of affecting the weight and credibility of his testimony. Eaton v. State, Okl.Cr., 404 P.2d 50. In the instant case the jury was so instructed.

■ The prosecuting attorney, in his closing argument, in the second stage of the proceedings, stated that the defendant admitted eight prior convictions and this makes number nine. The defendant objected and the court stated the objection was well taken. The prosecuting attorney asked permission to withdraw the statement and to admonish the jury to disregard it. The trial court then admonished the jury to disregard counsel's statement.

The defendant contends that but for the prejudicial statement it is quite conceivable that there would have been a hung jury. We cannot agree with such a conclusion. The jury had previously found the defendant guilty and the only question to be determined in the second stage was punishment. In view of the fact that the minimum sentence was returned, we are of the opinion that the statement did not, in fact, prejudice the jury. We, therefore, find this proposition to be without merit.

■ The defendant's final proposition asserts that there was not sufficient corroboration to the accomplice's testimony. We have carefully examined the testimony of all the witnesses and conclude that Klimkoski's testimony was, in fact, corroborated. The witness Ward testified she observed the defendant's truck at the approximate time and place the accomplice testified it was parked. Detective Prickett corroborated the route from the road to the clinic and that the defendant's boots were an exact fit of the casts taken at the scene.

In the recent case of Nation v. State, Okl.Cr., 478 P.2d 974, we stated:

"It is the law in this state that an accomplice's testimony need not be corroborated as to every material point. If the accomplice is corroborated as to one material fact, or facts, by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all."

We, therefore, find this proposition to be without merit.

In conclusion, we observe that the record is free of any error which would justify modification or reversal, and the judgment and sentence should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.