Troy Lee CACY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16562.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1972.

Stipe, Gossett, Stipe & Harper, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

## DECISION AND OPINION

BRETT, Judge:

This is an appeal from a conviction for the crime of receiving stolen property, after former conviction of a felony. Appellant, who will hereafter be referred to as defendant, was convicted by a jury in District Court of Pittsburg County, Case No. F–70–204, and was sentenced to serve three years imprisonment.

Appellant asserts in his brief that there is no corroborating testimony offered by the State to support the charge of receiving stolen property; and that the only corroboration offered goes to prove that twenty-six steel fence posts were stolen from the Turner Ranch. We conclude that defendant is correct.

The facts reveal, through the testimony of three witnesses, that defendant agreed to pay Charles Lytle and Bobby Dozier fifty cents each for steel fence posts they stole for defendant; that late on the night of June 19, 1970, defendant drove the two boys in his pickup truck, along with a third

**1296** ■

boy, Larry Cravens, to the Turner Ranch; he dropped off Lytle and Dozier with instructions to dig up every other post until they had removed twenty-six posts; defendant and Cravens departed to deliver the McAlester Democrat Newspaper to several nearby towns. Later, defendant and Cravens returned to pick up the boys and the fence posts. Cravens assisted Dozier and Lytle load the posts in defendant's pickup truck, and they testified that defendant picked up two additional posts across the road and loaded them. The testimony further continued that defendant drove to his farm where they unloaded the posts at a certain location on defendant's farm. The witnesses related that defendant stated he would bury them, burn some brush over them, and later dig them up for use.

Deputy Sheriff Robertson testified that after Mr. Turner reported the theft of the fence posts, he went to the Turner Ranch and verified the theft of twenty-six fence posts; that every other fence post was removed; and that the ground showed where each post had been dug up. The deputy went to defendant's farm to search for the posts, where the boys said they unloaded them. He said he found a place where brush had been burned, but he did not find the fence posts.

Bobby Dozier and Charles Lytle were admittedly accomplices to the offense of larceny, but the court instructed the jury and left for its determination whether or not Larry Cravens was an accomplice to the crime.

■ After reviewing the record of testimony, we conclude that Larry Cravens was also an accomplice, for the reasons he knew of the plan to steal fence posts before they reached the Turner Ranch, and he assisted in both loading and unloading the stolen fence posts on defendant's pickup truck. Likewise, we are bound to conclude that the testimony offered by the state sufficiently corroborated the crime of larceny, but the record is devoid of any testimony corroborating the charge of receiving stolen property, which confronted defendant. The only testimony offered, concerning defendant's receiving the stolen fence posts, was that offered by the three boys. Defendant testified and denied that he received the posts, or that he participated in the theft. He also offered the testimony of his wife and three other witnesses in support of his defense.

Title 22 O.S.1971, § 742, provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

■ As has been stated by this Court many times, the purpose of the statute is to assure that no person shall be convicted of a crime on the testimony of an accomplice, without corroboration, who might otherwise be testifying falsely in order to seek clemency, or for motives of revenge, or for any other reason.

In the first and third paragraphs of the Syllabus to this Court's decision in Yeargain v. State, 57 Okl.Cr. 136, 45 P.2d 1113 (1935), this Court held:

"Where the evidence is conflicting as to whether a witness participated in committing the crime charged, the question as to whether or not such witness is an accomplice is one of fact for the jury. But where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make a witness an accomplice."

* * * * * *

"An 'accomplice' is one who, with criminal intent, is concerned with others in the commission of a crime, either by being present participating in it, or, not being present, by aiding and abetting it, or by having advised and encouraged its commission, though not present when it is committed."

Likewise in Smith v. State, 78 Okl.Cr. 375, 148 P.2d 994 (1944), this Court held:

"The general rule of law is that a person who steals property is not an accomplice of the one who receives the property, knowing it to be stolen. They are independent crimes.

"The well-recognized exception to this general rule is that if the one who steals and the one who receives the property conspire together, or enter into a prearranged plan for one to steal the property and deliver the same to the other, the one who receives it is the accomplice of the one who commits the theft, and vice versa. * * *"

We observe also the following statement, concerning the offense of Receiving Stolen Property, in Wharton's Criminal Law and Procedure, Vol. II (1957), § 576, p. 296:

"The offense of receiving stolen goods may be committed by anyone except the principal thief, that is, the one who is guilty of the actual caption and asportation. A principal in the first degree who has acted with the thief in actual caption and asportation of the property cannot be guilty of the offense. When the thief steals the goods and carries them to the defendant who continues the asportation, such continuation of asportation prevents the defendant from being a receiver of the goods."

Consequently, if the testimony of the three state's witnesses is to be believed at all, then one must conclude that defendant was an accomplice in the theft of the fence posts; and there is absolutely no corroborating testimony beyond the theft itself. The witnesses' testimony clearly connects defendant with the inception of the plan to steal the fence posts; that he delivered the two young men to the place where the posts were to be stolen; that they all participated in loading and unloading defendant's pickup truck; and allegedly that defendant paid the two boys who dug up the posts, fifty cents for each post, less the gambling debt. The deputy sheriff's testimony only corroborates the fact that the fence posts were stolen, but nowhere in the record before this Court can we find any corroboration that defendant received the fence posts, except for the testimony of the three accomplices. In Wood v. State, Okl. Cr., 341 P.2d 613 (1959), at page 616, this Court stated:

"In this jurisdiction, proof beyond a reasonable doubt that one is an accomplice of the defendant is not required. If the evidence raises a reasonable doubt as to whether or not the witness is an accomplice of the defendant, it is necessary for the state to corroborate such witness' testimony." See also Smith v. State, 27 Okl. Cr. 414, 228 P. 523, 524 (1924).

We are therefore of the opinion this conviction must be Reversed and Remanded with instructions to dismiss the charge, unless the state can produce further evidence to corroborate the testimony of the accomplices, in the charge of receiving stolen property.

It is so ordered.