L. D. COLLIER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–398.

Court of Criminal Appeals of Oklahoma.

March 15, 1974.

Newell E. Wright, Jr., McAlester, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION AND DECISION

BRETT, Judge:

This is an appeal from a conviction in the Pittsburg County District Court, Case No. F–73–20, for the crime of First Degree Burglary. Appellant, who will hereinafter be referred to as defendant, was sentenced by the jury to serve seven (7) years in the State Penitentiary, and from that conviction defendant has perfected this appeal. Judgment and sentence affirmed.

The facts briefly stated reveal that the home of Mr. and Mrs. Jerry McElhany was broken into during the nighttime on February 5, 1973, by two men. Mr. McElhany was awakened during the night when he heard the breaking of glass. He arose from bed and took his .38 caliber pistol and proceeded into the living room of the house, where he found the lights were burning and observed two men running across his front lawn. Mr. McElhany commenced firing at them with his pistol and one man fell to the ground as if he had been shot; and the other man hid behind a 1959 Chevrolet. After Mr. McElhany had fired all the rounds from his pistol, his wife handed him her .38 caliber pistol and he fired an additional four rounds from it. The man hiding behind the 1959 Chevrolet jumped into the vehicle and sped away from the scene. When Mr. and Mrs. McElhany went to the front yard they found one man lying on the ground. This man was identified as being Mr. Tommy Moore. Mrs. McElhany had tele-

phoned to Sheriff Clarence Douglas, who soon thereafter arrived at the scene. The sheriff was advised by Tommy Moore that the man with him was a person by the name of L. D., and that he was driving a red and white 1959 Chevrolet with a California license. Sheriff Douglas had an all points bulletin placed on the radio and later that evening the Sheriff of McIntosh County, while looking for the described vehicle, came upon a Chevrolet station wagon pulled off to the side of the road north of Eufaula, Oklahoma, on U.S. Highway 69. The driver of the vehicle was asleep in the front seat and appeared to have been drinking, so the McIntosh County Sheriff placed him under arrest for driving under the influence. The occupant of the vehicle, who was later identified as Defendant L. D. Collier, was handcuffed and placed under arrest prior to being advised of his constitutional rights and before the sheriff searched the backseat of Collier's Chevrolet. When the sheriff looked into the backseat of the vehicle he discovered a muzzel-loading rifle in the backseat. The State attempted to introduce this rifle into evidence during the trial, but defendant's motion to suppress was sustained by the trial court and the jury was instructed not to consider any of the testimony pertaining to the rifle. L. D. Collier and his 1959 Chevrolet station wagon were returned to Pittsburg County.

This appeal is lodged on two propositions of error. The first proposition asserts that the trial court committed error in overruling defendant's demurrer to the State's evidence, and in the court's failure to direct a verdict of acquittal in favor of defendant. The second proposition of error asserts that reversible error was committed by the court when defendant's motion for a mistrial was denied.

In pressing the first proposition of error, defendant relies on this Court's decision in Cacy v. State, Okl.Cr.; 502 P.2d 1295 (1972), wherein this Court reversed a conviction for the offense of receiving stolen

property because of a lack of corroboration. Also cited by defendant are Wood v. State, Okl.Cr., 341 P.2d 613 (1959) and Smith v. State, 27 Okl.Cr. 414, 228 P. 523 (1924). Defendant correctly asserts that neither Mr. or Mrs. McElhany identified defendant as being present at the scene of the burglary, and it is true that the most incriminating testimony against the defendant is found in the testimony of his accomplice, Tommy Moore, who was given immunity from prosecution when he agred to become a State's witness. 22 O.S.1971, § 742 provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

Consequently it becomes necessary to review the testimony and evidence offered to determine whether or not the testimony of Tommy Moore was sufficiently corroborated to sustain this conviction.

This Court recited in Benefield v. State, Okl.Cr., 480 P.2d 626 (1971), citing with approval from Nation v. State, Okl.Cr., 478 P.2d 974:

"It is the law in this state that an accomplice's testimony need not be corroborated as to every material point. If the accomplice is corroborated as to one material fact, or facts, by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all."

■ It is likewise sufficient that the corroborating evidence may be circumstantial evidence. It has long been settled that the purpose of the statute is to assure that no person shall be convicted of a crime on the testimony of an accomplice, without corroboration, who might otherwise be testifying falsely in order to seek clemency, or for motives of revenge, or for any other reason. It was established at defendant's trial that Tommy Moore was granted immunity from prosecution; and it was likewise established as a matter of law that Tommy Moore was an accomplice in the burglary, as alleged in the information filed against defendant herein, so it was not necessary to submit that question of fact to the jury.

■ We consider the circumstantial evidence that defendant was apprehended in a 1959 red and white Chevrolet automobile as being sufficient circumstantial evidence to corroborate the accomplice's testimony in the State's case. Tommy Moore had advised the sheriff that his accomplice was a person by the name of L. D., and he described the automobile sufficiently for an all points bulletin to be broadcast over the police radio. This circumstance standing alone was sufficient to warrant the trial court's denial of defendant's demurrer and motion for directed verdict. In addition, the defendant testified in his own behalf and corroborated all of the testimony offered by Tommy Moore, except that which pertained to the actual breaking and entering of the McElhany home. Defendant denied that he broke into the home. Consequently, when the trial was completed there was a conflict of testimony before the jury which was resolved adversely to defendant, and we think properly so. This Court has long held that a conflict in testimony is a question of fact for the jury to resolve, and having properly resolved it, we will not interfere with the jury's verdict.

In considering the cases cited by defendant we are not persuaded that they are sufficiently pertinent to the facts of the instant case to sustain defendant's proposi-

tion. We therefore deny defendant's first proposition of error.

■ In his second proposition of error defendant argues that the court should have declared a mistrial when the State attempted to introduce the muzzle-loading rifle into evidence. Defendant asserts that he was sufficiently prejudiced by that evidence, that the admonition to the jury would not cure the prejudice already caused. Defendant admits the existence of the case law and statutory law as it pertains to the doctrine of harmless error, but asserts that in the instant case the provisions of the statute would not be applicable. 20 O.S.1971, § 3001, provides the following:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless it be the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

In his argument defendant does not set forth any violation of a constitutional or statutory right in the court's refusal to grant the motion for mistrial. Likewise, the evidence became most convincing after defendant testified in his own behalf, that defendant was sufficiently corroborating the testimony offered by the State. We therefore deny defendant's second proposition and conclude that this conviction should be affirmed.

It is therefore the order of this Court, that the conviction in Pittsburg County District Court Case No. F–73–20 shall be affirmed.

BLISS, P. J., concurs.

BUSSEY, J., concurs in result.