Calvin Joe NUNLEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-848.

Court of Criminal Appeals of Oklahoma.

Oct. 9, 1979.

Mary E. Bane, Oyler & Smith, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, Calvin Joe Nunley, was convicted in a bifurcated proceeding in the District Court, Stephens County, Case No. CRF–75–264, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. Punishment was fixed at

twenty-five (25) years in the State penitentiary.

The question on appeal is whether the trial court erred in ruling as a matter of law that Roy Lee Black, who testified at trial, was a "feigned accomplice" whose testimony did not require corroboration.

The facts are that on August 14, 1975, the appellant and Roy Lee Black burglarized the home of Betty Fisher near Marlow, Oklahoma. At the trial Roy Lee Black testified that several months prior to August, 1975, he contacted the Stephens County undersheriff concerning the burglary problem in that area, and that four to five weeks before the burglary the appellant approached him about hauling some stolen merchandise in a hay truck he owned. Afterwards, Black said he again approached the authorities, and was instructed by the undersheriff to "keep in touch with him and then if something happened he would try to set it up where we could stop it." Roy Black further testified that at the time he "agreed to work for the Sheriff's Department" he had been granted immunity from prosecution.

Black's testimony placed the appellant and him in Rush Springs, Oklahoma, on August 14, 1975, where the pair went to look at a hay truck of Black's which the appellant had talked about purchasing. After looking at the truck, the appellant asked Black if he was in a hurry to return to Marlow, to which Black responded in the negative. They then proceeded to an area east of Duncan, Oklahoma. Black and the appellant did not discuss the subject of burglary at that time, because, according to Black, the subject had been broached several weeks earlier and, "it was pretty well already understood . . . that I was going to work with him." The two men stopped at various residences in the area, where Black went to the door and asked if a fictitious person lived nearby. Using this method, they found an unoccupied house, broke in, and took various items.

Black further testified that he tried unsuccessfully to contact the undersheriff that night but did report the burglary the following morning. According to the undersheriff, however, Black did not contact him until August 26. The stolen items were later recovered from the Farmer residence in Marlow, after Black provided the Sheriff's Department sufficient information for a search warrant. These items were introduced into evidence at trial.

Witness Black admitted that he lacked any specific agreement with the Sheriff's Department to burglarize the Fisher residence, but asserted that was due to the spontaneous nature of the act. Successful hearsay objections by defense counsel prevented the State from eliciting testimony from the undersheriff as to conversations he had had with Black prior to the burglary. He testified only that he had been contacted once by Black before the crime. Thus, Black's testimony was the primary evidence indicating that he was working under the auspices of the Sheriff's Department.

The only other evidence at trial consisted of Mrs. Fisher's testimony that her home had been burglarized and the testimony of another witness who identified Mr. Black as the man who came to her door on August 14 in search of another address. Other than the testimony of Roy Lee Black, the jury was presented with no evidence tying the appellant to the crime.

After testimony was completed, defense counsel submitted three requested instructions as follows:

"Defendant Calvin Joe Nunley's proposed Instruction No. 1.

"An 'accomplice' is one who, with criminal intent, is concerned with others in the commission of a crime, either by being present participating in it, or not being present, by aiding and abetting it, or by having advised and encouraged its commission, though not present when it is committed.

"A conviction cannot be had on the testimony of an accomplice unless the testimony of such witness be corroborated by other evidence.

"Evidence corroborative of an accomplice need not directly connect the defendant with the commission of the crime. It is sufficient if it tends to connect the defendant with its commission. This corroborating evidence, however, must show more than the mere commission of the offense or the circumstances thereof. Such evidence need not be direct, but may be circumstantial evidence only.

"It is not essential that the corroborating evidence, if any, shall cover every material point testified to by the accomplice, or be sufficient standing alone, to establish the fact of the commission of the crime charged. It is a sufficient corroboration if the jury, in their discretion find from the evidence beyond a reasonable doubt under the law, that the testimony of the accomplice is corroborated as to some material fact or facts by independent evidence tending to connect the defendant with the commission of the crime. If an accomplice is so corroborated, you may from that infer that the accomplice speaks the truth, and you shall give said testimony such weight and credit as you find the same is entitled to receive.

"Defendant Calvin Joe Nunley's Instruction No. 2.

"You are instructed that the witness Roy Lee Black is what is termed in law as an accomplice to the crime of which the defendant here stands charged, and for that reason you cannot convict the defendant upon the testimony of such witness unless you find that such testimony is corroborated as required in the foregoing instructions.

"Defendant Calvin Joe Nunley's Instruction No. 3.

"In determining the question as to whether or not the testimony of an accomplice has been corroborated, you may eliminate his testimony entirely and then examine all of the remaining testimony, facts and circumstances, and ascertain from such examination whether there is any evidence tending to connect the defendant with the offense with which he is charged in the information, and if there is, then such accomplice is corroborated."

The trial court refused each of these proffered instructions, ruling that as a matter of law Roy Lee Black was a "feigned accomplice" whose testimony did not require corroboration. In so ruling, the Honorable Judge Hegel Branch stated:

"[T]he testimony of Black is uncontroverted and therefore is a question of law for the Court to determine whether he is an accompliace (sic) . . . and in this regard the Court finds that the witness Black lacked criminal intent in the acts testified to by him, that he had informed the authorities of criminal activity of the Defendant prior to the breaking and entering and so informed them of the . . facts afterwards; therefore, requested instructions 1 through 3 are refused by the Court. . . ."

The appellant now complains that by his own testimony Roy Lee Black was an accomplice as a matter of law. He therefore concludes that in the absence of any corroborating evidence the prosecution should have been dismissed.

■■■ To prevent one guilty of a crime from implicating another falsely for hope of clemency, motives of revenge or for any other reason, 22 O.S.1971, § 742 provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

*Glaze v. State*, Okl.Cr., 565 P.2d 710 (1977), *Collier v. State*, Okl.Cr., 520 P.2d 681 (1974). The test used to determine whether a witness is an accomplice is whether he could be indicted for the offense for which the accused is being tried. If the evidence is uncontroverted and it establishes that the witness is an accomplice, the trial judge must so rule as a matter of law and instruct the jury that his testimony requires corroboration. *Allen v. State*, Okl.Cr., 522 P.2d 243 (1974). Likewise, if the undisputed evidence indicates that the connection of the

witness with the crime was innocent and lacking in criminal intent, or that he merely had knowledge and therefore is not an accomplice, the trial judge must so rule. However, if evidence is susceptible to alternative findings that the witness is or is not an accomplice, then the issue is a question of fact to be submitted to the jury under proper instruction. *Howard v. State*, Okl. Cr., 561 P.2d 125 (1977). See also *Fitzgerald v. State*, 85 Okl.Cr. 376, 188 P.2d 396 (1947).

■ In its ruling, the trial court here relied upon *Finley v. State*, 84 Okl.Cr. 309, 181 P.2d 849 (1947), in which we held that if a witness participates in the actual commission of a crime without the requisite criminal intent, he will not be regarded as an accomplice. Thus, one who participates in a crime with the purpose of securing evidence upon which to convict the other participants is not "criminally corrupt" and need not be corroborated. In *Finley*, we upheld the trial court's ruling that as a matter of law the witness was not an accomplice, after finding that the witness' uncontradicted role as a feigned accomplice was established independent of her testimony by evidence of her cooperation with officials both before and after the crime. See also *Kiddie v. State*, Okl.Cr., 574 P.2d 1042 (1977); *Filler v. State*, 23 Okl.Cr. 282, 214 P. 568 (1923), where this Court gave assent to the doctrine of "feigned accomplice" without designating it as such.

■ On the other hand, where the witness' status as an actual accomplice is totally uncontroverted except by his own testimony, we are of the opinion that the trial court should rule as a matter of law that the witness is an accomplice. In *Wood v. State*, Okl.Cr., 341 P.2d 613 (1959), we held that a witness' testimony required corroboration where his role as an accomplice was uncontroverted except by his own testimony and the testimony of other participants in the crime, who were also accomplices. Such a requirement is consistent with the general rules regarding accomplice testimony, in that once the evidence shows the witness to be an accomplice his testimony

does not merit belief unless it is independently substantiated.

■ Where there is some independent evidence of the witness' status as a feigned accomplice, but not enough for the court to rule as a matter of law, the question should be left to the jury. To find the accused guilty the jury must determine either that the witness was not an accomplice or that his testimony was sufficiently corroborated. In the instant case, Roy Lee Black's testimony was not corroborated as to the appellant's participation in the crime, and the State's case must fail if he is held to be an accomplice. Further, the evidence was clearly insufficient for the trial court to rule as a matter of law that the witness was a feigned accomplice.

The pivotal issue for consideration, then, is whether there was sufficient evidence—independent of his own testimony—of Black's status as a feigned accomplice to warrant submission of that issue to the jury. If there was, the court should have instructed the jury on the law relative to accomplice testimony. If there was not, the case should have been dismissed.

■ The only evidence available for that purpose was the undersheriff's statements that Black had contacted him prior to the burglary, and that subsequent to the crime Black provided the information which led to the recovery of the stolen items. We do not believe there was sufficient evidence of Black's status as a feigned accomplice to justify the submission of the issue to the jury. It might indicate that the witness had a change of heart after participation in the crime, or alternatively, that he lacked criminal intent at the time of the commission of the offense. The officer's testimony was too ambiguous to be probative of either possibility.

Therefore, since there was no evidence of Black's status as a feigned accomplice except his own testimony, the trial court should have ruled that corroboration was required. And because Black's testimony was the only evidence linking the appellant to the burglary, the appellant's demurrer to the evidence should have been sustained.

For that reason this conviction is *RE-VERSED* and *REMANDED* under the provisions of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

BRETT, J., concurs.

BUSSEY, J., dissents.