**Joe SIMPSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–289.**

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1985.

Larry L. Field, Tyron & Field, Guymon, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Joe Simpson, was convicted of Unlawful Delivery of Controlled Dangerous Substance in the District Court of Texas County, Oklahoma, Case No. CRF–83–98. He was sentenced to a term of two years imprisonment and a fine of $500, and appeals. We affirm.

On February 9, 1983, Owen Bradley, an undercover narcotics officer with the Texas County Sheriff's Office was at the home of appellant with a friend, Donald McCann. Bradley inquired of appellant where he could purchase a quarter ounce of methamphetamine. Appellant called Larry Rogers in Liberal, Kansas, and it was agreed Rogers would sell the drug to Bradley for $450.00.

The next day, Bradley obtained the purchase money from the Texas County Undersheriff, and went to the appellant's residence to make the purchase. Rogers arrived at the residence and announced, "All I could get was an eighth." Bradley paid $225.00 for the narcotic. Appellant asked Bradley if he could try some of the drug, and Bradley retrieved a mirror from his car. Using a rolled dollar bill, appellant "snorted", or inhaled, a portion of the drug, and Bradley pretended to do the same. After the drug sale, Bradley immediately turned the substance over to Texas County deputies, who in turn, delivered it to the Oklahoma State Bureau of Investigation for chemical analysis.

Appellant claimed at trial that he was a mere bystander to the drug sale. However, when he was asked on cross-examination whether he set up the exchange, he replied, "I guess you could look at it that way. Yes, sir."

### I.

In his first assignment of error, appellant contends that Officer Bradley's par-

ticipation in the drug sale was that of an accomplice, and accordingly, the trial court erred in failing to instruct the jury on the need for corroboration of accomplice testimony.

Title 22 O.S.1981, § 742 prohibits the conviction of an accused person on the testimony of an accomplice unless the testimony is corroborated by other competent evidence. We have accordingly held that use of accomplice testimony by the prosecution requires the trial court to instruct the jury regarding the need for corroboration of such testimony. *See Glaze v. State*, 565 P.2d 710 (Okl.Cr.1977). One exception to this general rule involves the testimony of a "feigned accomplice," that is, one who "pretends to consult and act with others in the planning or commission of a crime, but only for the purpose of discovering their plans and confederates and securing evidence against them." *Finley v. State*, 84 Okl.Cr. 309, 181 P.2d 849 (1947). In *Finley* we held that the testimony of a "feigned accomplice" need not be corroborated because such a person is "distinguished from other accomplices by reason for lack of criminal intent." *Id*. 181 P.2d at 858. Accordingly, we held:

> Since criminal intent is essential to render one an accomplice, it follows that a feigned accomplice is not within the rule that the uncorroborated testimony of an accomplice will not support a conviction. Thus, a detective who, for the purpose of discovering crime, obstensibily aids in its commission or in a conspiracy to commit it ... with a view to detect the [criminal] is not an accomplice whose testimony must be corroborated.

*Id*. 181 P.2d at 859. *See also Nunley v. State*, 601 P.2d 459 (Okl.Cr.1979).

The evidence in this case reveals Officer Bradley was employed by the Texas County Sheriff's Office as an undercover officer. His job assignment was to purchase illegal narcotics from the criminal element in Texas County. Officer Bradley met with police officers immediately before and after the drug buy, obtained the purchase money from them, and turned over the substance purchased for O.S.B.I. chemical analysis. Bradley's status as a "feigned accomplice" was conclusively supported by this evidence.[1] This assignment of error is without merit.

## II.

■ Appellant next contends the evidence presented by the prosecution was insufficient to support the conviction. However, this proposition is premised on appellant's assertion that Bradley was an accomplice whose testimony was uncorroborated. We have previously determined Bradley's status was not that of an accomplice, and therefore, this assignment of error is without merit. Furthermore, the evidence adequately supports the jury's finding of guilt. *See Hindman v. State*, 647 P.2d 456, 458 (Okl.Cr.1982).

## III.

■ Finally, appellant maintains he was prejudiced by evidence he alleges showed his participation in other criminal acts not connected with this offense. We disagree.

The acts complained of include appellant's telephone call to Rogers, in which the drug buy was arranged, and appellant's use of the methamphetamine during the transaction. However, we have held that

> where the offense charged is so connected with the other offenses as to form a part of an "entire transaction" evidence of other offenses may be admissible to show the character of the offense charged. *Miles v. State*, Okl.Cr., 554 P.2d 1200 (1976). And, where there is a "logical connection" with the offense charged, evidence of separate and independent crimes may be admitted. *Bray v. State*, 450 P.2d 512 (Okl.Cr.1969).

---

1. The fact that Bradley drank beer with the appellant and his companion did not change Bradley's status, as appellant asserts. It is clear that Bradley drank the beer as part of his "cover," and a transformation of his *mens rea* to specific criminal intent is not evidenced by this act.

*Bruner v. State,* 612 P.2d 1375, 1377 (Okl. Cr.1980).

This criminal transaction began when appellant made the telephone call to Larry Rogers and ended when Officer Bradley gained control of the methamphetamine. These acts, as part of the entire transaction, were logically connected with the crime of distribution of a controlled dangerous substance. Furthermore, this evidence supplied proof that appellant had knowledge of the purpose of the transaction. *See* 12 O.S.1981, § 2404(B). This assignment of error is without merit.

The judgment and sentence of the District Court should be, and the same hereby is, AFFIRMED.

BRETT and BUSSEY, JJ., concur.