**John H. MAYTON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M-84-522.**

Court of Criminal Appeals of Oklahoma.

July 8, 1986.

for the offense of Driving While Under the Influence of Liquor. He was sentenced to thirty days in the county jail, and assessed a fine of five-hundred dollars. We affirm.

At approximately 11:00 p.m., on the evening of June 16, 1983, Officer Booth of the Oklahoma City Police Department, ASAP Unit, arrested the appellant for Driving Under the Influence of Liquor, following a two mile, high-speed pursuit along Northwest 23rd Street. Officer Booth read the appellant his Criminal Rights several times, and upon the appellant's refusal to submit to a breathalyzer test, the appellant was then read his *Miranda* Warnings.[1] Appellant was then transported to the Oklahoma City Jail and placed in a holding cell. Appellant eventually consented to the test.

## I.

On appeal, the appellant raises two assignments of error. In his first assignment of error, appellant asserts that the trial court improperly excluded the text of the procedures promulgated by the Board of Chemical Tests for Alcoholic Influence for the administration of the breathalyzer test. Appellant thoroughly cross-examined the police officers and jail personnel concerning their adminstration of the breathalyzer on him. Appellant also exhaustively cross-examined the maintenance supervisor concerning the maintenance on the particular machine used to test the appellant. At the close of testimony, the appellant sought to introduce the complete text of rules. The state objected, and the trial court sustained the objection since the appellant could offer no authority for its admission. It is a well stated rule in Oklahoma that the Court of Criminal Appeals will not upset a ruling by the trial court absent an abuse of discretion. *Camp v. State*, 664 P.2d 1052 (Okl.Cr.1983); *Haury v. State*, 533 P.2d 991 (Okl.Cr.1975). A review of the transcript and of the offered exhibit disclose that the trial court acted properly. Knowledge of the specific rules and regulations governing the procedures

Jess Horn, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Presiding Judge:

The appellant, John H. Mayton, appeals from his conviction in the District Court of Oklahoma county, Case No. CRF–83–2832,

---

**1.** *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

for administering the breathalyzer test are necessary for the trial judge, not the jury. It is a legal determination as to whether or not the breathalyzer test should be suppressed or admitted. Therefore, this assignment of error is without merit.

## II.

Second, the appellant alleges that the breathalyzer test should have been suppressed since the state failed to prove that it complied with the applicable rules for the administration of the test. Appellant is quite correct that pursuant to *Westerman v. State*, 525 P.2d 1359 (Okl.Cr.1974), the State must prove compliance. In the instant case, Officer Brooks testified that she was the maintenance supervisor responsible for the maintenance of the breathalyzer machine in question. Officer Brooks stated that the requisite maintenance and tests were properly performed on the machine, and that it was operating within the .01% tolerance. Officer Brooks testified that any repairs or adjustments would be noted on the reverse side of the maintenance log. Officer Foreman testified that she administered the breathalyzer test to the appellant, and that his test result was .11%. Officer Foreman noted that although she did not observe the appellant for the fifteen minute deprivation period, the arresting officer did. Officer Booth was able to catch the appellant twice with a quarter in his mouth in an attempt to invalidate the breathalyzer test, and administered the third fifteen minute deprivation period successfully. The testimony of the officers, as to time and manner of the test, was sufficient proof of compliance. *See Simpson v. State*, 707 P.2d 554, 56 O.B.J. 1966 (Okl.Cr.1985). Therefore this assignment of error is without merit.

For the reasons herein stated, the judgment and sentence should be, and the same hereby is AFFIRMED.

Accordingly, the judgment and sentence of the District Court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.