**Nathan Vincent CULLISON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–750.**

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1988.

Everett R. Bennett, Jr., Frasier & Frasier, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Nathan Vincent Cullison, appellant, was tried by jury and convicted of First Degree Burglary (21 O.S.1981, § 1431), in Case No. CRF–86–3916, in the District Court of Tulsa County, the Honorable Joe Jennings, District Judge, presiding. The jury assessed punishment at imprisonment for seven (7) years. Judgment and sentence was imposed in accordance with the jury's verdict. We reverse.

Appellant raises six assignments of error. We find the third assignment of error dispositive, that the State failed to corroborate an unindicted accomplice's testimony by independent evidence linking appellant to this crime.

At 4:00 p.m. on October 14, 1986, appellant called on Mrs. Nancy Carroll to sell magazines. The offer took place on Mrs. Carroll's front porch. She declined the offer and appellant left. That evening, Mr. and Mrs. Carroll and their two children retired at 10:00 p.m., and when the family arose the next morning, they discovered their home had been burgled during the night. The burglar or burglars had entered the home through a locked basement door and took Mrs. Carroll's purse from the living room and a rowing machine, an exercise bench, frozen meat and a laundry basket from the basement.

The police arrested Don Orndorff in relation to seventeen other burglaries committed in Mrs. Carroll's neighborhood. On October 24, as Orndorff and a Tulsa detective drove through the neighborhood, Orndorff pointed to the Carroll residence and said he and appellant had burgled that house on October 15.

At trial, Orndorff testified he picked up appellant shortly after midnight on the 15th and they drove around in Orndorff's van. About 2:00 a.m., they began looking for houses in the Carroll neighborhood which had the lights on so they could look through the windows and see if there was anything they wanted to take. The Carroll residence had the lights on in the living room and the kitchen. They walked around the house while trying to open a window or a door. Orndorff discovered the basement door contained a "doggy" door. He reached through the "doggy door", unlocked the basement door from the inside, appellant pushed open the door and they entered the basement. Orndorff climbed the stairs from the basement to the living quarters, went to the living room, took Mrs. Carroll's purse from a coffee table, and returned to the basement. The two men looked in a freezer and discovered it contained frozen food. Orndorff dumped

clothes out of a laundry basket, filled it with frozen meat, and carried the basket to his van. In the meantime, Orndorff testified appellant folded up a rowing machine and an exercise bench and carried them to the van. They took the stolen property to a friend's house where appellant lived, divided the money in Mrs. Carroll's purse, and threw the purse in the trash. None of the property taken in the burglary was recovered.

Appellant took the stand, denied participating in the burglary, and claimed he did not offer to sell magazines to Mrs. Carroll on the afternoon of the 14th. The State presented a rebuttal witness who testified he heard appellant offer to sell magazines to Mrs. Carroll.

Title 22 O.S.1981, § 742, requires:

A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof.

The intent of Section 742 is to prevent one who is guilty of a crime from implicating another falsely, for hope of clemency, or motives of revenge, or for any other reason. *Howard v. State*, 561 P.2d 125, 130 (Okla.Crim.App.1977). Here, Orndorff admitted at the preliminary hearing to participating in seventeen burglaries but the State had not charged him with the Carroll burglary.

A witness is an accomplice if he could be indicted for the offense for which the accused is being tried. *Nunley v. State*, 601 P.2d 459, 462 (Okla.Crim.App.1979); *Gray v. State*, 585 P.2d 357, 359 (Okla.Crim.App. 1978). In the instant case, Orndorff, by his own testimony, admitted being an accomplice to this burglary. *Farrar v. State*, 505 P.2d 1355, 1360 (Okla.Crim.App.1973). Since Orndorff is an accomplice as a matter of law, his testimony does not merit belief unless it is independently substantiated. *Nunley*, 601 P.2d at 463.

 Evidence corroborating an accomplice's testimony must of itself, and without aid of the testimony of the accomplice, tend in some degree to connect the defendant to the commission of the offense charged. *Keller v. State*, 651 P.2d 1339, 1342 (Okla.Crim.App.1982). If the accomplice's testimony is corroborated as to a material fact which links the defendant to the crime, the jury may infer the accomplice speaks the truth as to all, and this Court will take the strongest view of the corroborating testimony that it warrants. *Id.* Even slight evidence is sufficient for corrboration, but it must do more than raise a suspicion of guilt. *L.E.Y. v. State*, 639 P.2d 1253, 1255 (Okla.Crim.App.1982). The corroborative evidence is not sufficient, however, if it requires any of the accomplice's testimony to form the link between the defendant and the crime, or if it tends only to connect the defendant with the perpetrators but not the crime. *Frye v. State*, 606 P.2d 599, 607 (Okla.Crim.App. 1980).

In the instant case, the only evidence, other than Orndorff's testimony, which tended to link appellant to this crime is the testimony of Mrs. Carroll and the rebuttal witness that appellant tried to sell magazines to Mrs. Carroll on her front porch the afternoon before the crime. *See Nunley*, 601 P.2d 461. This evidence merely raises a suspicion of guilt, as it is too remote to link appellant to the crime committed some ten hours later. Since Orndorff's testimony is the only evidence presented at trial which linked appellant to this crime, the evidence is insufficient to support the jury's verdict. *Rutledge v. State*, 507 P.2d 551, 552 (Okla.Crim.App.1973). Accordingly, the judgment and sentence is REVERSED and the cause is remanded with instructions to dismiss.

BRETT, P.J., and BUSSEY, J., concur.