No. 2,650.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT, *v.* WILLIAM STAKEM, APPELLANT.

CRIMINAL LAW.—GRAND LARCENY.—ALIBI.—RECEIVER OF STOLEN GOODS.— In a separate trial of one of three defendants, jointly indicted for grand larceny committed in one county, the evidence proved that the defendant, on trial, was not present in the county at the time of the theft, and did not participate in the larceny, but subsequently, with a guilty knowledge that it was stolen, received the stolen property in another county, and aided in disposing of the same for the joint benefit of himself, and the prepetrator of the larceny.

*Held:* That the defendant can not be convicted of the larceny, in the county where the crime was committed.

IDEM.—ACCESSORY AFTER THE FACT.—RECEIVER OF STOLEN GOODS.—In a prosecution for grand larceny, a party defendant who was not present, and did not participate in the theft, but subsequently, with a guilty knowledge that it was stolen, received and aided in the disposition of the stolen property, is not, under the statute in this state, an accessory after the fact, but is liable as a receiver of stolen goods as defined by the statute.

APPEAL from the County Court of Placer County.

The facts are sufficiently stated in the opinion.

*W. H. Bullock,* for Appellant.

The *People* v. *Hodges* (27 Cal. 340), is decisive of this case.

The Criminal Pract. Act, Sec. 93, provides: "In the case of accessory before or after the fact, in the commission of a public offence, the jurisdiction shall be in the county where the offence of the accessory was committed, notwithstanding the principal offence was committed in another county."

A judicial construction has been put upon this statute in (27 Cal. 340). Stakem was not a principal in any sense of the word. (27 Cal. 340 supra.) Russel on Crimes vol. 1, page 27 and 28. Section 92 of the Criminal Practice Act, has reference to the offense of taking the property, and has no reference to an accessory. As to purnishment of accessory see *People* v. *Trim* (39 Cal. 75).

*Jo Hamilton,* Attorney-General, for Respondent.

The course of the trial was legal and correct. (Crim. Pr. Act, Sec. 92; *People* v. *Roble,* 29 Cal. p. 421.)

There was no error in the refusal of the Court to give the instructions asked for by defendant's counsel. Those refused were virtually embodied in the charge of the judge to the jury, which is a full compliance with all legal requirements. (*People* v. *Kelley,* 28 Cal. p.423.)

This Court will not review a question of preponderance of evidence on appeal; that is the sole province of the jury.

The argument of defendant's counsel being based upon the wrong hypothesis, that defendant was an accessory is wrong *in toto.*

WALLACE, J., delivered the opinion of the Court; RHODES, C. J., CROCKETT, J., and TEMPLE, J., concurring:

The prisoner was indicted and convicted in the County Court of Placer County of the offence of grand larceny, alleged in the indictment to have been committed by him, in stealing certain cattle in that county.

On the trial it appeared that the larceny was committed in Placer County, but the evidence tended strongly to show that it was committed by persons other than the defendant, and when he was not in Placer County, but at his house in Yuba County; and that the stolen cattle were afterwards driven to Marysville, in Yuba County, where the defendant, resided, and were there received and disposed of by him for his own profit as well as that of the thieves, and with a guilty knowledge on his part that they were stolen. Upon this hypothesis several instructions were asked by the prisoner, and refused by the Court at the trial. One of them is as follows: "If the jury believe, from the evidence, that the cattle were stolen by the Spaniard called Francisco Robles, and that this defendant, William Stakem, after the cattle were stolen, had a guilty knowledge that the cattle were stolen cattle, aided and assisted the Spaniard, Francisco Robles, in selling and disposing of said cattle, and was to participate in the profits, still he cannot be convicted of the crime of grand larceny in this case; his offence would be that of an accessory after the fact, of which he cannot be convicted under this indictment."

This instruction the Court refused to give, and we think correctly. The instruction did not correctly define the offence of which Stakem would be guilty upon the hypothesis stated. He would not thereby become an accessory after the fact, but a receiver of stolen property with a guilty knowledge of the fact that it had been stolen. These offences are distinct and each is defined by statute in this State, and we have no statute (at least none has been seen by us) which, like the English statute of 3 Will. and Mary, constitutes such a receiver of stolen goods an accessory after the fact. But it is not for this reason alone that the instruction was rightfully refused, but because there is nothing in the hypothesis of facts stated in the instruction that is necessarily inconsistent with the proposition that the prisoner was himself personally present and participating in the larceny in Placer County. Though the jury might believe that Robles stole the cattle and that Stakem afterwards,

Opiinion of the Court—Wallace, J.

with guilty knowledge of the fact, aided in the disposal, they might also believe that Stakem was present and joined with Robles in committing the larceny itself; for we do not think that the hypothesis, as stated, *necessarily* excludes the idea of Stakem's active personal participation in the larceny itself.

The Court was also asked to instruct the jury as follows: "If the jury are satisfied from the evidence that Wm. Stakem, the defendant on trial, was at the city of Marysville when the cattle described in the indictment were taken and driven away from the county of Placer to the city of Marysville, then it is the duty of the jury to acquit him of the crime of grand larceny as stated in the indictment.' This instruction was refused.

There can be no doubt that, if the jury believed these facts, they ought to have acquitted the prisoner.

His offence, whatever it was, would, upon this hypothesis, appear to have been committed in the county of Yuba, and not in the county of Placer, and the Courts of the latter county would consequently have no jurisdiction to inquire into the case.

This is the principle which was applied by this Court in *People* v. *Hodges*, (27 Cal. 340), to the case of a supposed accessory before the fact to the crime of murder, and it certainly is not less applicable to the entirely independent offence of receiving stolen goods with guilty knowledge.

The judgment is reversed and the cause remanded for a new trial.