## FRANK LASLEY v. STATE.

No. A-7057.   Opinion Filed Feb. 15, 1930.
(287 Pac. 1055.)

Meacham, Meacham & Meacham, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Washita county on a charge of grand larceny, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of three years.   It is from this conviction that he appeals.

The evidence of the state shows that on the 7th of October, 1926, the defendant and Delmar Rhodes, who was jointly charged with defendant, stole some goods and merchandise from a freight car which was located on the side track of the Rock Island Railroad Company in Weatherford in Custer county, and took the property to the farm of Glen Lasley, a brother of the defendant, which farm was located in Washita county. This prosecution was instituted in Washita county under the provisions of section 2433, C. O. S. 1921, which reads as follows:

"When property taken in one county, by burglary, robbery, larceny, or embezzlement, has been brought into another, the jurisdiction of the offense is in either county. But if, before the beginning of the trial of the defendant in the latter, he be indicted or information be filed against him, in the former county, the sheriff of the latter must, upon demand, deliver him to the sheriff of the former county, upon being served with a certified copy of the indictment or information, and upon a receipt indorsed thereon by the sheriff of the former county, of the delivery of the body of the defendant, and is, on filing the copy of the indictment and the receipt, exonerated from all liability in respect to the custody of the defendant."

After the stolen goods had been taken to the farm of Glen Lasley, where both defendant and Rhodes were staying, they were afterwards removed to Caddo county, where the stolen property was afterwards found. Edgar Klein, a witness for the state, testified that he assisted the defendant and Rhodes in moving this property from the Glen Lasley farm in Washita county to the place where it was found in Caddo county, but testified that he had nothing whatever to do with the original taking of the goods from the freight car at Weatherford and the asportation to the farm of Lasley in Washita county. The defendant, learning that officers were investigating the theft of the goods,

fled, and was arrested about a year later in San Diego, Cal. Defendant did not testify in his own behalf at the trial, but did offer evidence to impeach the witness Edgar Klein as to truth and veracity. The evidence of the state established the stealing of the goods from the possession of the Rock Island Railroad Company in Custer county and the asportation of the same to the Lasley farm in Washita county and the finding of the stolen goods in Caddo county.

The defendant first contends that the verdict is not supported by sufficient evidence. His principal contention is that the evidence is insufficient, for the reason that the witness Klein was an accomplice, and that the only evidence connecting the defendant with the crime was furnished by this witness, and that his testimony was not corroborated, as required by section 2701, C. O. S. 1921.

In order to constitute a witness an accomplice in the crime, he must have participated therein either by being present at the time the crime was committed, or, if absent, by counseling and advising the active participants in the crime and encouraging its commission by words, acts, or deeds. It is not contended by defendant that the witness Klein was actually present at the time these goods were stolen from the freight car at Weatherford nor knew that the goods were to be stolen nor that Klein assisted those who took such property, in the original asportation thereof, to the farm of Glen Lasley in Washita county; but it is contended that, because Klein thereafter assisted the thieves to conceal the stolen property by taking it from the point in Washita county where the defendant had transported it to, to the place in Caddo county where the stolen property was found, this action on his part, after knowing the property was stolen, made him a principal in the original taking.

The real question is whether or not the original taking and asportation of the stolen property was complete when the property was first taken to the farm of Glen Lasley in Washita county. The stolen goods were removed from the Lasley farm in Washita county to the place in Caddo county where they were found, evidently because the thieves thought the property might be discovered if left at the Glen Lasley place. The state contends and is sustained by the record that Klein merely aided the thieves to conceal this stolen property after the larceny thereof had been fully completed. California has a statute the same as Oklahoma.

In the case of People v. Stakem, 40 Cal. 599, in paragraph 2 of the syllabus, that court said:

"In a prosecution for grand larceny, a party defendant who was not present, and did not participate in the theft, but subsequently, with a guilty knowledge that it was stolen, received and aided in the disposition of the stolen property, is not, under the statute in this state, an accessory after the fact, but is liable as a receiver of stolen goods as defined by the statute."

In the case of State v. Dalton, 65 Wash. 663, 118 Pac. 829, that court said:

"An accomplice is one who, with criminal intent, acts with others, and participates in the commission of a crime.

"A witness did not become an accomplice in a burglary through knowledge that the goods had been stolen, and through going with one of the burglars to get goods stolen in the burglary where the latter had placed them.

"Knowledge that a crime has been committed, and concealment of such knowledge, does not make one an accomplice, unless he aided or participated in the offense."

In Johnson v. State, 24 Okla. Cr. 326, 218 Pac. 179, 181, this court said:

"There can be no accomplice, until it has been shown that the principal committed the offense, and that the accomplice previously advised and abetted, or furnished the means by which the crime was committed by the principal."

The test by which to determine whether a witness is an accomplice is to ascertain whether he could be indicted for the offense for which the accused is being tried. Mayes v. State, 11 Okla. Cr. 61, 142 Pac. 1049; Motsenbocker v. State, 29 Okla. Cr. 305, 233 Pac. 487.

Under the authorities cited, Klein was not an accomplice, and it was therefore not necessary that his evidence should be corroborated.

It is next contended that the trial court erred in refusing to give a requested instruction to the effect that the witness Klein was an accomplice and that his testimony had to be corroborated. Since Klein was not an accomplice, it was not error for the court to refuse to give the instruction.

It is next contended that the trial court erred in overruling the demurrer to the information. The information charged the crime of larceny to have been committed in Washita county. Defendant contends that the information should have gone farther and alleged that the original taking was in Custer county, and that the stolen goods were afterward carried into Washita county. This question has never been passed upon by this court.

In the case of People v. Mellon, 40 Cal. 648, that court said:

"In a prosecution for larceny, the venue may be laid in any county into which the stolen property may be conveyed.

"When the venue has been laid in the county to which the stolen property has been brought, it is not necessary

to state in the indictment, facts showing the commission of the larceny in another county.

"In such case, it is competent to the prosecution to prove that the property was stolen in another county, before it was brought into that in which the venue is laid."

In the body of the opinion that court said:

"The venue in the indictment is laid in Yuba county. The defendant objected to the admission of evidence to prove that the property was stolen in Sacramento county, on the ground that the indictment alleged that the larceny was committed in Yuba county. It is provided by the Criminal Prac. Act (Sec. 92), that when property feloniously taken in one county by larceny, etc., has been brought into another, the jurisdiction of the offense shall be in either county. The statute does not prescribe the form of the indictment in such case, but the offense is considered as committed in each county into which the thief carries the property, and each removal of the property is regarded as a new caption and asportation. It is accordingly held, that it is proper to charge the thief with the commission of the offense in the county into which he took the property. Some of the cases hold that it is not improper to charge him, also, in the same indictment, with the commission of the larceny in the county where the property was first stolen; but none of the cases brought to our notice held that it is necessary. (See 2 Arch. Crim. Pr. 355, and Notes; 2 Bish. Crim. Proceed., Sec. 687, and Notes). In Haskins v. People, (16 N. Y. [344]) Denio., Ch. J., said: 'It is unnecessary, and I think it would have been erroneous, to have set out in the indictment the offense in Cayuga county. The courts of Onondaga county had no jurisdiction of that transaction as a distinct offense. It was simply a matter of evidence, to characterize what was done in Onondaga, and to show the quality of the act.' The venue was properly laid in Yuba county. It was unnecessary to state in the indictment the facts showing the commission of the larceny in Sacramento county. We are also of the opinion that it was proper for the pros-

ecution to prove that the property was stolen in Sacramento county, before it was taken into Yuba county." People v. Murphy, 51 Cal. 376; People v. Prather, 134 Cal. 388, 66 Pac. 483, 724; State v. Willette, 46 Mont. 326, 127 Pac. 1013; Watson v. State, 36 Miss. 593; Commonwealth v. Dewitt, 10 Mass. 154; Haskins v. People, 16 N. Y. 348; State v. Smith, 66 Mo. 61.

The venue was properly laid in Washita county. It was unnecessary to state in the information the facts showing the commission of the larceny in Custer county. It was also proper for the prosecution to prove that the property was stolen in Custer county and was taken into Washita county.

The evidence being sufficient to support the verdict of the jury, and the errors complained of being without merit, the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.