EDWIN (SKEET) PERRY v. STATE.

No. A-9097.    Feb. 19, 1937.
(65 Pac. [2d] 543.)

John F. Thomas and Toby Morris, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error was by information jointly charged with R. E. Barry, Elwood (Corporal) Riddle and Clarence Anderson, with the larceny of nine head of cattle the property of E. A. Cooper; was tried separately, convicted and sentenced to serve a term of six years' imprisonment in the state penitentiary. Motion for new trial was filed, considered, overruled, and defendant appeals.

Five errors have been assigned by the defendant alleged to have been committed in the trial of his case.   In his brief the only assignment argued is that the court trying the defendant was without jurisdiction.   The defendant only incorporated in his case-made the testimony in support of his contention that the district court of Comanche county did not have jurisdiction.   The alleged larceny of the cattle the defendant contends was on the

United States Military Reservation, and that the state court had no jurisdiction to try the defendant.

Elwood (Corporal) Riddle, testifying on behalf of the state, stated he knew the defendant; the defendant got him to help round up some cattle; they rounded up the cattle and drove them to No. 10 gate, a mile or a little better:

"I helped him cut some of them out; the defendant told me they were Cooper's cattle; when we got the cattle down to the gate the defendant Perry left us and went home; he told me to wait until he came back; he came back between seven and eight o'clock."

The witness Riddle further stated in response to some questions:

"Q. How long before then was it you drove them off the reservation? A. Drove them right off and loaded them. The defendant did not help drive the cattle after we got them off the reservation."

It was argued by the defendant in his brief that because of the fact that the cattle were being grazed on the military reservation the district court of Comanche county was without jurisdiction to try him, as the jurisdiction was vested in the United States where the offense was committed on the Military or United States Reservation.

This argument is correct, provided the facts in the record were sufficient to justify and sustain it, but in this case the testimony shows that the cattle were driven off of the reservation and loaded into a truck in Comanche county. The cattle were not only loaded in Comanche county, but were driven through several counties before they reached the market in Oklahoma City, Okla.

Section 2730, O. S. 1931, is as follows:

"When a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county." Lasley v. State, 46 Okla. Cr. 179, 287 Pac. 1055.

There is ample evidence in the record to justify the finding of the jury, that the defendant, and those with him conspired to take the cattle in question from the military reservation and drive them into Comanche county, and load them in a truck. The contention of the defendant that the district court of Comanche county was without jurisdiction is untenable and without merit. The loading of the cattle in the truck in Comanche county after they were driven off of the military reservation is sufficient to give the Comanche county district court jurisdiction. The trial court properly overruled the defendant's contention.

There being no errors appearing in the record presented by the defendant, the judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.