**Kenneth W. FAULKENBERRY, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. M–76–221.**

Court of Criminal Appeals of Oklahoma.

June 15, 1976.

Charles D. Mayhue, Conn, Mayhue & Mayhue, Ada, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

The Appellant, Kenneth W. Faulkenberry, hereinafter referred to as defendant, was charged, tried before a jury and convicted of the crime of Possession of Marihuana in the District Court of Pontotoc County, Case No. CFR–75–547. Punishment was assessed at a term of one (1) year in the Pontotoc County jail. From a judgment and sentence in conformance with the verdict the defendant has perfected his timely appeal.

Briefly stated, the evidence adduced at trial is as follows: Officer Jarrett Kelough of the Ada Police Department testified that on the evening of May 19, 1975, he observed defendant in a one vehicle accident. When he proceeded to investigate he noticed that the defendant appeared to be intoxicated and injured. He transported the defendant to a hospital for treatment of his injuries and a blood test. The defendant was then transported to jail where, prior to incarceration, a routine inventory of the personal property on his person revealed a plastic bag containing what appeared to be marihuana. The bag and plant material were then sealed in an evidence envelope by Officer Kelough for subsequent transportation to the Oklahoma State Bureau of Investigation Laboratory in McAlester. Officer Kelough testified that he did not personally transport the evidence to the lab.

The State then called Gerald Belyeu, a chemist for the OSBI, who testified that on the 29th day of May, 1975, the envelope was logged into the evidence locker at the OSBI lab in Oklahoma City by Bob Williams, an Ada police officer. After chemical analysis of the substance, it was the chemist's opinion that the substance was marihuana. The State then rested.

The defendant then took the stand to testify in his own behalf stating that he was 36 years of age, the divorced father of three (3) children and was a student at East Central in Ada studying to be a vocational rehabilitation counselor. Defendant further testified that on the day in question he went to a bar and had a few beers. On a visit to the restroom he found a little bag of seeds and, out of curiosity and because he liked to grow plants, he stuck the bag in his pocket. Shortly thereafter he started home on his motorcycle, blacked out because of certain medication he had been taking and was injured in the resulting accident. After being treated at a hospital he was booked into jail and the package of seeds was found on his person. He further stated that he did not know that the bag contained marihuana.

Although the defendant raises numerous assignments of error in his brief, it is only necessary for the purpose of this opinion, to consider the assignment urging that the State failed adequately to prove the chain of possession of the plant material so as to warrant its admission into evidence.

In *Trantham v. State,* Okl.Cr., 508 P.2d 1104, this Court citing *Wagner v. Osborn,* 225 Cal.App.2d 36, 37 Cal.Rptr. 27, held as follows:

> "It is true that the party offering demonstrative evidence must show to the satisfaction of the trial court that in reasonable certainty there had been no alteration of or tampering with the exhibit. (Citation omitted.) This burden, however, is not so absolute that all possibility of alteration must be negated. Even where there may be the barest speculation that tampering could have occurred, it is proper to admit the evidence and let what doubt there may be go to its weight. (Citations omitted.) Although in the case at bench all persons who handled the envelope containing the specimen were not called as witnesses, the chain of possession was nevertheless substantially established, and the proof adequate to sustain the foundation for admissibility."

In *Trantham* the evidence of delivery to the chemist's office was uncontroverted and we held that the receipt of the envelope and the handling of the evidence in the office of the OSBI lab were within the scope of normal course of testing. See also *Contu v. State,* Okl.Cr., 533 P.2d 1000; and *Racy v. State,* Okl.Cr., 520 P.2d 375.

However, in the instant case, no evidence of the transportation of the exhibit to the lab in Oklahoma City was presented. It is also apparent from the record that there is an unexplained ten (10) day delay in the delivery to the lab. The time gap and the transportation are vital links in the chain of custody. The State has the burden of providing proof of such vital links and the ordinary course of testing presumption approved in *Trantham* has no application. To hold otherwise could lead to possible abuse by law enforcement officials.

Considering the above, it is our opinion that the State failed adequately to prove the chain of possession to sustain the foundation for admissibility. Therefore, the judgment appealed from must be and the same is hereby REVERSED AND RE-MANDED for new trial. If the State is unable to present adequate proof of the chain of possession then the trial court is directed to dismiss said cause upon application of the defendant.

BRETT, P. J., and BUSSEY, J., concur.