Pedro L. CONDE–HERNANDEZ, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–36.

Court of Criminal Appeals of Oklahoma.

June 13, 1977.

Lui J. Antonelli, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Cheryl Ramsey, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Pedro L. Conde-Hernandez, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Comanche County, Case No. CRF–76–17, for the offense of Delivering and Distributing Amphetamines, in violation of 63 O.S.1971, § 2–401. His punishment was fixed at two (2) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence adduced at the trial tended to establish that on December 19, 1975, Ann Wilcoxson, an undercover narcotics investigator, purchased 100 pills from the defendant for $30.00. Later that evening she met Detective Jim Ingram. The pills were placed in a police envelope. The envelope was dated, initialed, sealed and placed in Ingram's briefcase.

Albert Gray, a Forensic Chemist with the Oklahoma State Bureau of Investigation, testified that the envelope was received at their laboratory on December 29, 1975, ten days after they had been sealed and placed in the envelope by Ann Wilcoxson and Detective Jim Ingram. He conducted a chemical analysis of the pills and was of the opinion that they contained amphetamine.

The evidence on behalf of the defendant tended to establish that Ann Wilcoxson had previously solicited defendant to obtain speed for her. She indicated that she would go out with him if he obtained the speed; that on the evening in question, she gave him $30.00 and told him that he could get the speed from a person outside named "Jay-Jay." He found "Jay-Jay," and purchased the pills which he gave to Ms. Wilcoxson. The defendant's evidence further tended to establish that he did not use or deal in drugs.

Defendant asserts four assignments of error, only one of which we deem necessary to discuss in this opinion; that assignment of error is that the State failed to adequately prove the chain of custody of the pills so as to warrant their introduction into evidence. We agree. In dealing with an almost identical assignment of error in *Faulkenberry v. State,* Okl.Cr., 551 P.2d 271 (1976), Judge Bliss stated:

"However, in the instant case, no evidence of the transportation of the exhibit to the lab in Oklahoma City was presented. It is also apparent from the record that there is an unexplained ten (10) day delay in the delivery to the lab. The time gap and the transportation are vital links in the chain of custody. The State has the burden of providing proof of such vital links and the ordinary course of testing presumption approved in *Trant-*

*ham*[1] has no application. To hold otherwise could lead to possible abuse by law enforcement officials.

"Considering the above, it is our opinion that the State failed adequately to prove the chain of possession to sustain the foundation for admissibility. . . ." (Footnote Added).

In the instant case there is a similar unexplained ten (10) day delay in delivery of the pills to the laboratory. We therefore find that the State failed to adequately prove the chain of possession so as to warrant the introduction of the pills into evidence.

The judgment appealed from is hereby REVERSED and REMANDED for new trial. If the State cannot meet the burden of presenting adequate proof of the chain of possession, the trial court is directed to refuse to admit the appeals into evidence and exclude the testimony of Albert Gray as to the results of the chemical analysis.

BUSSEY, P. J., and BRETT, J., concur.

1. *Trantham v. State,* Okl.Cr., 508 P.2d 1104.