**Herbert WILSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-77-377.**

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1977.

Mark R. Smith, Sasser, Stratton & Smith, Lawton, for appellant,

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Charles S. Rogers, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Herbert Wilson, hereinafter referred to as defendant, was charged in the Comanche County District Court, Case No. CRF–75–927, with the offense of Unlawful Distribution of Marihuana, in violation of 63 O.S.Supp.1975, § 2–401, After Former Conviction of a Felony, 21 O.S.1971, § 51. The case was tried to a jury, and a guilty verdict was returned. Punishment was assessed at fifteen (15) years' imprisonment. From judgment and sentence defendant has perfected an appeal to this Court.

Richard Hunt testified that on the evening of October 21, 1975, he met with Deputy Sheriff Briley and an informant, Bill Lacy, in the Sheriff's Office in Lawton, Oklahoma. The three then proceeded to an apartment occupied by Lavan Wilson, where arrangements were made to purchase marihuana. Hunt gave Lavan $160.00 at that time. Lavan Wilson, Hunt, Lacy and Briley then left Lavan Wilson's apartment and went to another apartment. Briley remained in the car while Hunt, Lavan Wilson and Lacy went into the second apartment, where they met with defendant.

Lavan stated to defendant that Hunt wanted to purchase "grass." Lavan placed the $160.00 that he had received from Hunt on a coffee table, and then he and defendant went into a rear room. In a few minutes they returned with defendant carrying numerous plastic bags of "pot." These were placed on a table and then packed in a grocery bag. Subsequently, Hunt and Lacy left, and Hunt turned the "weed" over to Deputy Briley.

Deputy Richard Briley corroborated the account of the evening's activities as related by Hunt, although he testified that he was not present in either apartment and saw no transactions take place. He further stated that he received the paper bag from Hunt, and that it contained 18 bags of a green leafy substance. Each bag was marked by him and then placed in an evidence envelope, which was sealed. This envelope was in turn placed in a file cabinet in the witness' office and subsequently turned over to the OSBI.

Albert Gray, OSBI chemist, stated that he received the evidence envelope and its contents, and performed various tests thereon, and as the result of such tests it was his opinion that each bag contained marihuana.

Elaine Rhoads stated that during the trial of Lavan Wilson she retained custody of the evidence and then turned it over to the court for the trial of defendant. The State then rested.

The only evidence presented by the defendant was a court file relating to Bill Lacy, which showed that prior to leading officers to the defendant, Bill Lacy had been charged with concealing stolen property. The charges were subsequently dropped.

The jury was then instructed and, after argument and deliberation, it returned a verdict of guilty.

Pat May, Deputy Court Clerk of Comanche County, then testified that her records contained copies of a complaint and information and a judgment and sentence, which reflected that a person named Herbert Wilson had previously been convicted of knowingly concealing stolen property. On cross-examination, she stated that she did not know if the defendant in the instant case was the same Herbert Wilson reflected on the judgment and sentence introduced into evidence. Defendant, however, did not present any evidence in this regard. Upon deliberating again, sentence was assessed at fifteen (15) years' imprisonment.

■ Defendant's first assignment of error is that the trial court erred in failing to instruct on the lesser included offense of possession of marihuana. This contention is without merit. Not only was the proffered instruction not in writing, as required by *Jaggers v. State*, Okl.Cr., 549 P.2d 384 (1976), but also as we view the record, no evidence was presented which would justify giving the instruction. While it is true that in order to distribute marihuana one must first possess it, it does not necessarily follow that in every distribution case a possession instruction under 63 O.S.Supp.1972, § 2–402, must be given. Rather, there must be evidence which reasonably tends to suggest that the possession was "simple," and not with the intent to distribute. The evidence in the instant case totally fails in this respect. See, *Morgan v. State*, Okl.Cr., 545 P.2d 1265 (1976).

■ Defendant's second assignment of error is that the trial court erred in admitting the marihuana into evidence because of the failure of the State to establish a proper chain of custody. The evidence showed that after the purchase of marihuana on October 22, Deputy Briley placed it in a filing cabinet until January 6, when it was removed and turned over to OSBI. The marihuana was placed in an evidence envelope, which was sealed, prior to being placed in the filing cabinet. Deputy Briley testified that the filing cabinet was not capable of being locked, but that he regularly locked his office. However, he further stated that, in addition to himself, four people had keys to that office, although he could name only three of those persons. He further stated that a janitor occasionally entered his office and further that his of-

fice was located about 50 yards from the jail. Lastly, he testified that when he removed the evidence from the cabinet on January 6, the seal had not been broken; nor did there appear to be any other evidence of tampering.

In support of his contention that this long and unusual delay in transporting the marihuana to OSBI constituted an improper chain of custody, defendant cites *Faulkenberry v. State*, Okl.Cr., 551 P.2d 271, 273 (1976), wherein this Court stated:

"However, in the instant case, no evidence of the transportation of the exhibit to the lab in Oklahoma City was presented. It is also apparent from the record that there is an unexplained ten (10) day delay in the delivery to the lab. The time gap and the transportation are vital links in the chain of custody. The State has the burden of providing proof of such vital links and the ordinary course of testing presumption approved in *Trantham* has no application. To hold otherwise could lead to possible abuse by law enforcement officials." (Emphasis original)

In *Faulkenberry* the State wholly failed to prove how the evidence got from the arresting officer's possession to the chemist's possession. The evidence merely showed that on one day the arresting officer took possession, and that ten days later the chemist had it. In the present case, Deputy Briley testified that he personally delivered the substance to the chemist.

Defendant asserts, however, that leaving the evidence in an unlocked cabinet for 75 days in an office to which several known and unknown persons had access presents more than a mere speculation that the evidence was tampered with, *Clark v. State*, Okl.Cr., 558 P.2d 674 (1977); and, that the evidence, therefore, should not have been admitted.

In view of the evidence, we conclude that defendant's contentions are without merit. Officer Briley received the marihuana from Hunt and Lacy almost immediately after it was purchased. Hunt testified that no changes were made with the contents of the sack. Briley opened the sack and observed 18 small plastic bags. He then drove back to the office where each plastic bag and the paper sack were initialed and dated by him. The plastic bags were returned to the sack and placed in the file cabinet. Later that same day, Briley again examined the sack and observed that it had not been tampered with. The sack was returned to the file cabinet until the next day when it was again removed and examined. The sack containing the bags was then placed in the evidence envelope, which was filled out and sealed. The evidence envelope was placed back in the same file cabinet and remained there until being transported to the Oklahoma State Crime Lab in Lawton. There, it was logged in and dropped in an evidence chute by Briley. Briley further stated that when he examined the envelope prior to transporting it, there were no signs of tampering. OSBI chemist Albert Gray testified that evidence deposited in the chute goes automatically into the locked storeroom from which he removed it. Gray further stated that when he removed the envelope from the locked storeroom all seals were intact. The envelope when opened contained the 18 marked bags.

This recitation makes it apparent that although there was an unusually long delay in transporting the evidence to the crime lab there was no actual break in the chain of custody at any time. Had there been, or had there been *any* evidence of tampering, in view of the long delay in transporting the substance to the lab, then the result herein may well have been different, but since there was not defendant's contentions are without merit.

Defendant's third assignment of error is that the evidence was insufficient to justify conviction of the crime charged. This contention is frivolous and unworthy of discussion.

■ The fourth assignment of error is that the trial court erred in refusing to sustain a demurrer to the evidence to the charge of After Former Conviction of a Felony. This is so, defendant asserts, be-

cause the State failed to prove that defendant was the same Herbert Wilson named on the judgment and sentence introduced by the State to prove the after former charge.

This contention is wholly without merit. Identity of name is prima facie evidence of identity of person, and it is sufficient in the absence of rebutting testimony. See, *Williams v. State*, Okl.Cr., 364 P.2d 702 (1961). See also, *Holt v. State*, Okl.Cr., 551 P.2d 285, 288 (1976).

█ Defendant's final assignment of error is seemingly twofold; one, that the sentence should be reduced because, as contended by defendant and rejected by us, defendant was improperly convicted "After Former Conviction of a Felony"; and two, because the sentence is excessive in any case. Both contentions are without merit. See, *Hill v. State*, Okl.Cr., 550 P.2d 1356 (1976).

For the foregoing reasons the judgment and sentence is AFFIRMED.

BUSSEY, P. J., concurs.