The STATE of Oklahoma, Appellant,

v.

William H. COOK, Jr., Jo Lynn Cook, and William H. Cook, Sr., Appellees.

No. S-82-188.

Court of Criminal Appeals of Oklahoma.

May 11, 1983.

John D. Lanning, Dist. Atty., Craig Corgan, Asst. Dist. Atty., Bartlesville, for appellant.

Michael R. Brown, Bartlesville, for appellees.

## OPINION

BRETT, Judge:

This is an appeal by the State on a reserved question of law pursuant to 22 O.S. 1981, § 1053(3). The Honorable William Thomas, Associate District Judge, entered an order at the close of the State's evidence quashing the information and sustaining the demurrers in Washington County District Court, Cases No. CRM–81–612, No. CRM–81–613 and No. CRM–81–614.

Briefly stated, the facts are as follows. Informed by his ex-wife that William H. Cook, Jr. was at a specific location and that there was an outstanding misdemeanor warrant for him, three police officers from the Bartlesville Police Department proceeded to that location in order to arrest him. Officer Davis informed appellee Cook that he had a warrant to arrest him for a revocation of sentence, possibly for non-payment of child support. When Cook requested to see the warrant, he was informed by Officer Davis that he did not have it in his present possession. Cook responded that he was going to leave the premises and a confrontation occurred when the officers tried to arrest him resulting in the charges which are the subject of this appeal.

The question before this Court is whether 22 O.S.1981, § 192 requires that a police officer have a misdemeanor warrant in his actual physical possession before he can make a lawful arrest pursuant to that warrant. We find that actual physical possession is required.

A peace officer is a trespasser when he attempts to arrest for a misdemeanor not committed or attempted in his presence without an arrest warrant, and the individual may resist the arrest. *Walters v. State,* 403 P.2d 267 (Okl.Cr.1965); *Davis v. State,* 53 Okl.Cr. 411, 12 P.2d 555 (Okl.Cr. 1932). Where the validity of the arrest depends upon a warrant, the legislature has clearly conferred upon the person the right to see the written authority of the officer: "The officer must ... show the warrant if required." 22 O.S.1981, § 192.

The law contemplates that the officer shall have the warrant with him at the time of the arrest, since he must be prepared to produce it for inspection. See *Montgomery v. State,* 43 Tex.Crim. 304, 65 S.W. 537, 55 L.R.A. 866 (1901); and *People v. Thomas,* 156 Cal.App.2d 117, 318 P.2d 780 (1957). In *Montgomery,* the court stated:

> Article 278, Code of Cr.Proc., provides: "In executing a warrant of arrest it shall always be made known to the person accused under what authority the arrest is made, and if requested the warrant shall be exhibited to him" The law contemplates that the warrant directing the arrest of a person charged with crime will be in the possession of the officer when he makes the arrest under it, for he is required to exhibit it if called upon to do so. This is based upon a wise public policy, one purpose of which is that the officer shall exhibit such evidence of his authority to make the arrest as will be deemed sufficient to take from the person who is arrested all right to question the authority of the officer. [Citation omitted.]

The rule embodied in Section 192 has been criticized as antiquated, outmoded and unsuited to the needs of modern law enforcement. See Advisory Committee Note to Rule 4(c)(3) of the Federal Rules of Criminal Procedure; and *State v. Delgado,* 161 Conn. 536, 290 A.2d 338 (1971). However, our judicial task is to effectuate the

statute as written. The wisdom or desirability of change is solely a matter for the consideration of the legislature.

Therefore, the officers were statutorily required to produce the arrest warrant for the appellee's inspection.

The order entered by the district court should be, and the same hereby is AFFIRMED.

CORNISH, J., concurs.

BUSSEY, P.J., dissents.