William MILLS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–473.

Court of Criminal Appeals of Oklahoma.

May 6, 1987.

Rehearing Denied June 5, 1987.

Mark Barrett, Sp. Counsel, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Sandra D. Howard, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, William Mills, was convicted of the crime of Robbery by Force, After Former Conviction of Two or More Felonies in the District Court of Latimer County in Case No. CRF–83–37 and was sentenced to thirty (30) years imprisonment, and he appeals.

Briefly stated the facts are that on June 14, 1983, Delores Turner was riding in her car with her boyfriend and appellant near Bowers, Oklahoma. As they were driving around in the car, she overheard the two men say "something about robbing an old man and getting his money." Turner was driving the car, and subsequently parked the car on a dirt road near the victim, Clayton Childress' house. She waited in the car while the two men went to the

house, and she "had an idea" what was going to happen and was so scared that she crawled into the back seat of the car. For a period of about fifteen (15) minutes she did not observe anything, but after that time elapsed she observed the victim in the driver's side of his car and further observed that appellant was trying to get the victim out of the car. She then observed appellant as he was hitting the victim, and eventually, appellant and Turner's boyfriend returned to the car. They then drove back the way that they had come and stopped on a bridge. Appellant got out of the car and went through the victim's wallet which contained a little over two hundred dollars ($200). Appellant threw his pants in the river under the bridge because there was blood on his right leg, and also threw the victim's wallet and keys in the river. After spending the night in the car, they proceeded to Siloam Springs, Arkansas. In Siloam Springs, Turner talked to the police, told them what happened, and gave the police the rifle that appellant had taken from the victim.

At trial, Steve Newsom, Deputy Sheriff of Latimer County, testified that he interviewed the victim at the hospital and that the victim told him that he was beaten by two men one of whom had a medium build with shoulder length hair and that he thought his name was "Bill."

Evelyn Christy, the victim's neighbor, testified that on the night of June 14, 1983, the victim knocked on her door sometime before 12:00 a.m., told her that he had been beaten and robbed and that he needed to call the Sheriff. He related the events of the robbery to her and told her that one of the perpetrators identified himself as "Bill."

■ For his first assignment of error appellant asserts that the State presented insufficient evidence to support the verdict because accomplice Delores Turner's testimony was not corroborated. The test to determine whether a witness is an accomplice is whether he could be indicted for the offense for which the accused is being tried. *Nunley v. State,* 601 P.2d 459 (Okl. Cr.1979). In this case, appellant was con-

victed of the crime of Robbery by Force in violation of 21 O.S.1981, § 791 which states:

Robbery is the wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.

Delores Turner never left the car during the robbery. She testified that she had an idea of what was going to occur, but she did not participate or encourage the plan. Moreover, her testimony at trial was uncontroverted. Nothing in the record indicates that she was aware that appellant was going to use force on the victim. Therefore, we find that she was not an accomplice and accordingly her testimony required no corroboration. We find no error.

■ In his next assignment of error appellant contends he was deprived effective assistance of counsel. He argues that witnesses Newsom and Christy were allowed, without defense objection, to present testimony that the victim told them details of how the robbery occurred. Appellant maintains that this testimony was inadmissible hearsay and would not have been introduced if proper objection had been interposed. We disagree.

Witness Christy was a neighbor of the victim, and he came to her house immediately after the robbery and beating to request that she and her husband summon the police. It was at this time that the victim related to Christy the events that had just transpired a few minutes earlier. Witness Newsom, a Latimer County Deputy Sheriff, interviewed the victim at the hospital, and the victim related the details of the crime to Newsom at that time.

Even if counsel had objected to the statements made by Newsom and Christy, these statements would have been admissible as an exception to the hearsay rule. The testimony falls within the purview of 12 O.S. 1981, § 2803(2) which states that:

2. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

Clearly, the victim was "under the stress of excitement caused by the event or condition" when he made the statements to Newsom and Christy. Accordingly, this assignment of error is without merit.

 Appellant also argues that he was denied effective assistance of counsel when trial counsel failed to object to the instructions given or request an instruction on accomplice corroboration. However, having found that Delores Turner was not an accomplice, we further find that trial counsel's failure to request an instruction on accomplice corroboration did not render his performance deficient. Since appellant was afforded reasonably competent assistance of counsel, this assignment is groundless.

Finding no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.