**Gary Allen WILSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–89–985.**

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1994.

Rehearing Denied March 30, 1994.

---

Cliff Stark, Tulsa, at trial, Thomas Purcell, Asst. Appellate Indigent Defender, Norman, on appeal, for appellant.

David Moss, Dist. Atty., Dennis Semler, Asst. Dist. Atty., Tulsa, at trial, Susan Brimer Loving, Atty. Gen. of Oklahoma, Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, on appeal, for the State.

## OPINION

LUMPKIN, Presiding Judge:

Appellant Gary Allen Wilson was tried by jury and convicted of Possession of a Controlled Dangerous Substance (PCP) With Intent to Distribute in violation of 63 O.S.Supp. 1985, § 2–401, in the District Court of Tulsa County, Case No. CF–88–4540. The jury recommended as punishment fifteen (15) years imprisonment. The trial court sentenced accordingly and it is from this judgment and sentence that Appellant appeals.

On November 9, 1988, at approximately 9:30 a.m., Officer Bachelder, Tulsa Police Department, stopped a black Chevrolet Blazer for a routine traffic violation. The driver of the vehicle, Shawn Starr, was driving with a suspended license. Issuing him a traffic citation, the officer approached the passenger, Appellant, to determine if he could drive the vehicle. Appellant identified himself and stated that he was the owner of the vehicle. When Appellant could not produce a driver's license, a computer check revealed two (2) outstanding misdemeanor warrants for Appellant's arrest. His subsequent arrest left the Chevrolet Blazer unattended, so Bachelder decided to impound the vehicle for safe keeping. A routine inventory search revealed an eight (8) ounce bottle of PCP and several glass vials.

In his first proposition of error, Appellant contends that he was denied a fair trial by the State's improper use of a "drug dealer" profile. Appellant directs our attention to evidence introduced by the State that he was black; unemployed, yet the owner of a home and a vehicle; and that he was from Compton, California, the apparent home of the "Crips" gang, to show that he fit the stereotype of a drug dealer and was therefore guilty of the charged offense.

At trial, the sole objection to this evidence was not that of improper character evidence now raised on appeal, but to its relevance. This Court has repeatedly held that when a specific objection is made at trial to the admission of evidence, no different objection will be considered on appeal. *Duvall v. State*, 825 P.2d 621, 627 (Okl.Cr.1991); *Tyler v. State*, 777 P.2d 1352, 1354 (Okl.Cr. 1989). Thus, Appellant has waived all but fundamental error review.

Admitting this type of character evidence as substantial evidence of guilt is prohibited by 12 O.S.1981, § 2404(B) [1]. The particular facts which are used to define a "profile" may be admissible for other purposes such as proof of motive, intent, absence of mistake or accident, identity or common scheme or plan. See *Burks v. State*, 594 P.2d 771, 772 (Okl.Cr.1979), *overruled in part on other grounds*, 772 P.2d 922 (Okl.Cr.1989).

---

1. 12 O.S.1981, § 2404(B) prohibits the admission of evidence of other crimes, wrongs or acts to prove the character of a person in order to show that the person acted in conformity therewith.

However, while such facts may be admissible, evidence concerning the "profile" itself should be excluded. The federal courts have recognized the "drug courier profile" as an investigative tool used by the Drug Enforcement Agency. *United States v. Hernandez–Cuartas,* 717 F.2d 552 (11th Cir.1983). *See also United States v. Williams,* 957 F.2d 1238 (5th Cir.1992); *United States v. Lui,* 941 F.2d 844 (9th Cir.1991); *United States v. Jones,* 913 F.2d 174 (4th Cir.1990). Its use has been limited to the threshold finding of reasonable suspicion for temporary detention. Its use has not been extended to the finding of probable cause for arrest, much less as substantive evidence of guilt. *See U.S. v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

The improper admission of this evidence does not require reversal in this case as there is no reasonable probability that this evidence might have contributed to the conviction. See *Chapman v. California* 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), quoting *Fahy v. Connecticut,* 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963). See also *U.S. v. Hastings,* 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). Evidence presented by the State, excluding the improperly admitted character evidence, showed that in a vehicle, either owned or rented by Appellant, directly behind the passenger seat in which Appellant was sitting, was found a nearly full eight (8) ounce bottle of PCP, a sack containing eight vials and a paring knife. The driver of the vehicle denied possession of the illegal substance. Expert witnesses testified that the quantity of the illegal substance was too large for personal use and was consistent with distribution. Based upon this evidence, a reasonable trier of fact could have found Appellant guilty of possession of the illegal substance with the intent to distribute. Any error in admitting the improper character evidence did not impair a basic constitutional or statutory right and did not contribute to the conviction; therefore it is harmless beyond a reasonable doubt. *See Jones v. State,* 781 P.2d 326 (Okl.Cr.1989).

■ In his second assignment of error, Appellant asserts the State failed to present sufficient evidence to prove that he should be punished as a habitual offender. The record reflects that during the second stage of trial, the State introduced a Judgment and Sentence for Robbery by Force for one Gary Allen Hughes. Appellant objected on the grounds of identity, but offered no proof. The objection was overruled and the exhibit admitted.

Appellant was charged in the felony information as Gary Allen Wilson aka Hughes. During the first stage of trial, the State presented evidence showing that Appellant was known as both Gary Allen Wilson and Gary Allen Hughes. The Judgment and Sentence introduced was from Tulsa County, the same county in which the instant offense was prosecuted, and the birthdate listed on both the information and the Judgment and Sentence is the same. Under these facts, the Judgment and Sentence was sufficient to sustain the State's burden of proving the prior conviction, therefore the question of identity was for the jury's determination after a proper instruction and upon a consideration of all surrounding facts and circumstances. *Wilson v. State,* 568 P.2d 1323, 1326–27 (Okl.Cr. 1977). *See also Battenfield v. State,* 826 P.2d 612 (Okl.Cr.1991).

■ Appellant argues in his third assignment of error that the trial court erred in failing to give a verdict form for the lesser included offense of possession of a controlled dangerous drug. The trial transcript indicates that the jury was given verdict forms for not guilty, guilty of possession with intent to distribute, and guilty of unlawful possession. No objection to these forms was raised by the defense. The Court read to the jury the three (3) possible verdicts. However, only two (2) of these forms made it into the record—not guilty and guilty of possession with intent to distribute.

Appellant has offered no support for his argument that the jury did not receive the proper verdict forms; therefore, we will not presume error from a silent record. See *Ellis v. State,* 795 P.2d 107, 109 (Okl.Cr. 1990). The record shows that the jury was polled and all indicated that guilty of possession with intent to distribute was their verdict. Assuming arguendo that the trial court did not provide the jury with the proper

verdict forms, Appellant has not shown how he was prejudiced as the evidence presented at trial showed that he was either guilty of possession with intent to distribute or not guilty. *See Harrall v. State,* 674 P.2d 581, 583 (Okl.Cr.1984) [2]. Accordingly, this assignment of error is denied.

■ Appellant further asserts that the trial court erred in failing to instruct the jury that Shawn Starr's testimony had to be corroborated if he was found to be an accomplice. Initially, we must note that Appellant did not object to the lack of such an instruction, nor did he offer to the court any requested instruction on the issue. Therefore, all but fundamental error review is waived. *Vaughn v. State,* 697 P.2d 963, 967 (Okl.Cr. 1985).

The evidence introduced at trial, including the testimony of Mr. Starr, showed that he was driving the vehicle which was either owned or rented by Appellant. Starr admitted knowing about the PCP, stating that Appellant had arrived at his residence that morning with something to show him. Later in the morning, as the two were driving around, Appellant pulled out the bottle of PCP. Starr denied possession of it and the intent to sell, adding that he had told Appellant get rid of the drug. The bottle of PCP was found in the back seat, underneath a pile of clothing, within an arm's reach of the Appellant.

■ The test to determine whether a witness is an accomplice is whether he could be indicted for the offense for which the accused is being tried. *Mills v. State,* 737 P.2d 573, 574 (Okl.Cr.1987). Mere presence at a crime scene or knowledge that a crime has been committed is not sufficient to justify a finding that a witness is an accomplice. It must be shown that the principal committed the offense, and that the accomplice previously aided and abetted, or furnished the means by which the crime was committed by the principal. *Lasley v. State,* 46 Okl.Cr. 179, 287 P. 1055 (1930). Further, where the acts and conduct of a witness are admitted, it

becomes a question for the court to decide whether those acts make the witness an accomplice. *Frye v. State,* 606 P.2d 599, 606 (Okl.Cr.1980).

Here, the trial court properly found that Starr was not an accomplice to the offense. Although present at the scene, there is no evidence that Starr participated in the planning or commission of the offense for which Appellant was being tried. *See Smith v. State* 727 P.2d 1366 (Okl.Cr.1986); *Roberts v. State,* 571 P.2d 129 (Okl.Cr.1977). Therefore, there was no need for a jury instruction on accomplice corroboration.

■ In his fifth assignment of error, Appellant contends that the inventory search of his vehicle was illegal and that all evidence seized pursuant to that search should have been suppressed. Specifically, he argues that the decision to inventory the vehicle was not justified.

■ Inventory searches, if conducted pursuant to standardized impoundment procedures which are designed to secure and protect vehicles and their contents within police custody, are not violative of either the fourth amendment to the federal constitution or to art. II, § 30 of the Oklahoma Constitution. *Colorado v. Bertine,* 479 U.S. 367, 370–372, 107 S.Ct. 738, 741–42, 93 L.Ed.2d 739 (1987); *Johnson v. State,* 764 P.2d 530 (Okl. Cr.1988); *Starks v. State,* 696 P.2d 1041, 1042 (Okl.Cr.1985). However, the standardized impoundment procedures must not serve as a "ruse for general rummaging in order to discover incriminating evidence." *Florida v. Wells,* 495 U.S. 1, 4, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1, 6 (1990).

Here, the officer's testimony clearly showed that he was following departmental procedures in making the decision to impound the vehicle. The officer testified that there was no one available who could drive or take custody of the vehicle; the vehicle was full of personal property, i.e. clothing, radio, etc.; and it was a type of vehicle in a specific location that made it a likely target for car thieves. In order to protect the vehicle and

---

**2.** "It is not error alone that requires the reversal of judgments of conviction, but error plus injury, and the burden is on the appellant to establish

the fact that he was prejudiced in his substantial rights by the commission of error."

goods inside, the vehicle was properly impounded and inventoried. See *Colorado v. Bertine*, 479 U.S. 367, 370–372, 107 S.Ct. 738, 740–41, 93 L.Ed.2d 739 (1987); *Starks v. State*, 696 P.2d 1041, 1042 (Okl.Cr.1985). Accordingly, we find no error.

 In his final assignment of error, Appellant contends that his arrest on outstanding misdemeanor warrants was illegal. Relying on *State v. Cook*, 663 P.2d 20 (Okl.Cr. 1983)[3], Appellant argues that the arrest was invalid as the officer did not have the warrants in his physical possession.

In 1983, section 192 of title 22 was amended to provide as follows:

> The officer must inform the defendant that he acts under the authority of the warrant, and must also show the warrant within a reasonable time under the circumstances, if requested.

This amendment, in effect at the time of Appellant's arrest, overruled *Cook*. Here, the officer testified that he informed Appellant that he was under arrest on the basis of two (2) outstanding warrants. No request to view the warrants nor a challenge of any kind to the warrants was raised by Appellant. Therefore, Appellant's arrest was lawful.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is AFFIRMED.

JOHNSON, V.P.J., and CHAPEL and STRUBHAR, JJ., concur.

LANE, J., concurs in result.

LANE, Judge, concurring in result:

I agree with the majority in affirming this conviction. However, I disagree with a part of the majority's reasoning in regards to the third assignment of error that the trial court erred in failing to give a verdict form for the lesser included offense. The majority is correct in finding that the record indicates that such a form was given to the jury and that the guilty verdict form executed by the jury was indeed their verdict. I would stop my analysis at this point. I think it is not necessary and incorrect to include the statement that the appellant is required to show prejudice.

I believe that prejudice is automatic if a jury is deprived of the necessary form to return a verdict finding an option upon which they have been instructed. In *Dean v. State*, 502 P.2d 358 (Okl.Cr.1972), Dean was prosecuted for the commission of a crime after the former conviction of a felony. The trial court failed to include a verdict form allowing the jury to assess the punishment as if it were a first conviction. This Court stated: "This is error. A jury should be provided with sufficient verdict forms covering *all possible verdicts* that the jury might reach." (Emphasis added.)

Therefore, I concur in the results reached by the majority without agreeing with all of the opinion.

---

**3.** A valid arrest on a misdemeanor warrant can only be made if the officer has the warrant in hand.